[Crim. No. 706. Department One.— February 26, 1901.]

THE PEOPLE, Respondent, v. K. J. MOONEY, Appellant.

CRIMINAL LAW — APPEAL — ORDER REFUSING TO ARREST JUDGMENT. — No direct appeal is allowed, in a criminal case, from an order refusing to arrest the judgment. Such order is, in effect, an order made before judgment, and should be reviewed only as such.

ID. — EFFECT OF REVERSAL AND NEW TRIAL — JUDGMENT NOT ARRESTED — REINSTATEMENT OF CASE — POWER OF COURT. — The reversal of the judgment and of an order denying a new trial, upon the appeal of the defendant, does not have the effect to arrest the judgment, but remits the defendant to his original position upon his plea of not guilty, and leaves the case as though a trial had never been had; and the court may proceed in any way authorized by the criminal law.

ID. — DISMISSAL OF INFORMATION — DISCHARGE OF DEFENDANT — ACQUITTAL — TRIAL UPON NEW INFORMATION. — The dismissal of an information for felony, and the discharge of the defendant thereupon, pursuant to section 1385 of the Penal Code, after the reversal of a previous judgment of conviction and of an order denying a new trial, does not have the effect to acquit the defendant, and is not a bar to his trial and conviction upon a new information for the same felony.

ID. — ARSON — INTENT OF DEFENDANT — INSTRUCTIONS. — Upon the trial of a defendant accused of arson, the refusal of requested instructions, not clearly worded, bearing on the burning of the building or

its contents, with the intent to defraud an insurance company, without intent to destroy the building, is not improper, and is not prejudicial, where the court, in its charge, fully covered the law applicable to the offense charged, by telling the jury that in order to find the defendant guilty, they must be satisfied from the evidence, beyond a reasonable doubt, that he set fire to the building with the intent to destroy it.

ID. — STATEMENT OF JUDGE UPON ARGUMENT — AMOUNT OF INSURANCE. — A statement made by the judge to the attorneys, in the course of argument, upon the amount of insurance resting upon the property, as testified by a witness, was not a statement made to the jury, which they had any right to consider.

ID. — LIMITING CROSS-EXAMINATION. — The court may limit the cross-examination of a witness within proper bounds.

ID. — EXPERT EVIDENCE — HANDWRITING — REASONS FOR OPINION — PHOTOGRAPHS. — An expert witness upon handwriting may be allowed to testify as to the reasons upon which he bases his opinion; and the court may admit in evidence photographs of handwriting.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. E. W. Risley, Judge.

The instructions referred to in the opinion as requested by the defendant and refused by the court were as follows: "If you find from the evidence in this case (to a moral certainty and beyond a reasonable doubt) that the defendant set the fire charged in the information, but you find that his intention in setting the fire was to defraud an insurance company that had insured the building or the contents of the building, then you should acquit the defendant, unless you further find (to a moral certainty and beyond a reasonable doubt) that the defendant had a positive intent to destroy the building." "If from the evidence you find, to a moral certainty and beyond a reasonable doubt, that the defendant set the fire charged in the information, but if you have a reasonable doubt as to whether the intent was to defraud an insurer or to destroy the property, then it is your duty to acquit the defendant." Further facts are stated in the opinion of the court.

James F. Peck, John J. Barrett, and Frank H. Farrar, for Appellant.

Tirey L. Ford, Attorney-General, and Henry A. Melvin, for Respondent.

GAROUTTE, J.—Defendant has been convicted of the crime of arson, and prosecutes this appeal from the judgment, order denying his motion for a new trial, and order refusing an arrest of judgment. The case has been before the court upon a previous occasion. (*People* v. *Mooney*, 127 Cal. 339.) At that time this court declared the information fatally defective, and reversed the judgment and orders appealed from, and remanded the cause for further proceedings. Upon a return of the *remittitur* to the trial court, the district attorney made a motion in furtherance of justice, that the court dismiss the information. Thereupon the information was dismissed and the defendant discharged from custody. Thereafter such proceedings were had that a second information was filed against the defendant, and upon that information he has been tried, convicted, and now prosecutes this appeal.

Upon pleading to the second information, defendant set up a former acquittal, and based his plea upon the proceedings taken at the first trial, including the appeal to this court and the judgment rendered upon that appeal. Defendant's contention seems to be that his previous appeal to this court being in part an appeal from an order refusing to arrest the judgment, and such order, in conjunction with the judgment and order denying his motion for a new trial, being reversed, that, upon the going down of the *remittitur*, the judgment should have been arrested, and the subsequent order of discharge made by the trial court was, in effect, a judgment of acquittal. While it is quite a common practice to appeal from an order refusing to arrest a judgment, and while this court seems to have entertained appeals from such orders in a few cases, yet, upon consulting section 1237 of the Penal Code, we find that no direct appeal is allowed from that character of order. It is, in effect, an order made before judgment, and should be assailed upon appeal as any other order of that kind is assailed. It follows, therefore, that upon the prior appeal the judgment of this court, in substance, was one reversing the judgment and order denying a motion for a new trial; and upon that state of facts, when the *remittitur* was issued the case stood exactly as if no trial had been had. Certainly, upon the going down of the *remittitur* it would not have been proper for the trial court to have ordered the judgment arrested, for there was at that time no judgment to be rendered, and therefore nothing to be arrested. So far as the motion in

arrest of judgment was concerned, it stood exactly the same as a motion for a nonsuit which had been denied. In such a case the judgment and order denying a new trial being reversed upon appeal, the motion for a nonsuit goes for naught, for there is nothing to be nonsuited. The trial has been set aside, and another must be had *de novo. People* v. *Schmidt,* 64 Cal. 262, appears to be directly in point, and the court there said: "The legal effect of the remanding order was to remit the defendant to his original position upon his plea of not guilty to the information on file, just as though a trial had never been had, and upon the going down of the *remittitur* to the superior court, that court had jurisdiction to proceed, in the case before it, in any way authorized by the criminal law."

Defendant claims that he has undergone a statutory acquittal by reason of section 1188 of the Penal Code, but this claim falls to the ground, in view of the foregoing authority. Indeed, without invoking that authority, it is apparent that defendant cannot rely upon said section for an acquittal. An acquittal only follows, by virtue of that section, when the judgment is arrested, and as already indicated, the judgment in this case never has been arrested. Section 1385 of the Penal Code provides: "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes." Under the authority vested in the court by this section, it made an order dismissing the information and discharging the defendant. It is unnecessary to decide here whether or not that order was broad enough to amount to a dismissal of the action, for it certainly was an order dismissing the information; and section 1387 declares that an order made under section 1385 does not constitute a bar to another prosecution for the same offense, if that offense be a felony. The offense here involved is a felony, and from the record, taking into consideration all the proceedings of the previous trial, including the appeal taken at that time, we find nothing showing a previous acquittal of this defendant, or establishing a bar to the present prosecution. (*People* v. *Schmidt, supra.*)

The contention is made that the court should have given two certain instructions asked by defendant, bearing upon the

burning of the building or its contents, with the intent to defraud the insurance company. The instructions were not as clear and explicit as they should have been. But, aside from that defect in the wording of them, the court told the jurors that, in order to find the defendant guilty, they must be satisfied from the evidence, beyond a reasonable doubt, that he set fire to the building with the intent to destroy it. This instruction covers the facts set out in the information; and also fully covers the law, by which the jury were bound to act in returning their verdict. The statement made by the judge, bearing upon the amount of insurance resting upon the property, as testified to by a certain witness, was a statement made to the attorneys in the course of argument, and not a statement made to the jury. The jurors had no right to consider it. At the same time the judge also stated that he did not wish to be understood as quoting the evidence of any witness in the case. The limitations placed upon the cross-examination of the witness Croop were proper. It was also proper to allow the expert witness Ames to testify as to the reasons upon which he based his opinion given as an expert upon handwriting. (*Healey* v. *Visalia etc. R.R. Co.*, 101 Cal. 592.) The admission in evidence of the photographs of handwriting likewise was not error. (*People* v. *Crandall*, 125 Cal. 129.)

For the foregoing reasons the judgment and orders are affirmed.

Van Dyke, J., and Harrison, J., concurred.