[Crim. No. 245. First Appellate District.—May 30, 1910.]

## THE PEOPLE, Respondent, v. FRANK BALLARD, Appellant.

CRIMINAL LAW—APPEAL FROM JUDGMENT AND ORDER—FAILURE TO RE-
VERSE ORDER—REMEDY OF DEFENDANT—MOTION FOR DISCHARGE—
POWER OVER ORDER.—Upon a former appeal to this court, in a
criminal case, from a judgment of conviction and from an order
denying defendant's motion for a new trial, where this court re-
versed the judgment without expressly ordering a new trial, and
failed to dispose of the order, but did not direct the discharge of
the defendant, or the dismissal of the case, the sole remedy of the
defendant was to apply to this court for such discharge, where-
upon this court could dispose of the order denying his motion for
a new trial, which, in effect, would have been the ordering of a
new trial.

ID.—EFFECT OF REVERSAL OF JUDGMENT—JURISDICTION OF TRIAL COURT
—NEW TRIAL — DISMISSAL NOT REQUIRED.—The reversal by this
court of the judgment of conviction, without ordering a dismissal
of the case, or the discharge of the defendant, had the effect to
leave the trial court with jurisdiction to proceed with the trial of
the case, and it was not required to dismiss the action on the
ground that a new trial was not expressly ordered by this court.

ID.—GENERAL OBJECTION TO DEPOSITION OF ABSENT WITNESS — FAIL-
URE TO SWEAR WITNESS NOT INCLUDED—OBJECTION UPON APPEAL.
A general objection to the deposition of an absent witness taken
at the preliminary examination that the testimony was "immate-
rial, irrelevant, incompetent and hearsay" did not include the
specific objection that the "witness was not sworn," and that ob-
jection cannot be urged upon appeal for the first time on the
ground that the record fails to show that the witness was sworn,
especially where the record shows that the same counsel which rep-
resented him in the trial court represented him at the preliminary
examination, and cross-examined him thereon, but does not show
that he there made such objection.

ID.—DUTY OF COUNSEL TO OBJECT TO KNOWN GROUND.—If in fact the
transcript offered in evidence did not show that the absent wit-
ness gave his testimony under oath, it was the duty of defend-
ant's counsel to specifically make the objection upon that ground, in
order that the court may be informed thereof, and that the record
upon appeal may clearly show whether or not the absent witness
was sworn.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Thomas F. Greeley, for Appellant.

U. S. Webb, Attorney General, and Maxwell McNutt, Assistant District Attorney, for Respondent.

HALL, J.—This is an appeal from a judgment against defendant, and the order denying defendant's motion for a new trial.

Defendant upon a previous trial was convicted, and upon appeal from the judgment and order denying his motion for a new trial this court reversed the judgment, but failed to expressly or in terms dispose of the appeal from the order denying the motion for a new trial.   Neither did this court upon the former appeal expressly order a new trial nor direct the discharge from custody of the defendant.   (Pen. Code, sec. 1262; *People* v. *Ballard,* 1 Cal. App. 222, [81 Pac. 1040].)

Upon the calling of the case for trial after the going down of the *remittitur,* defendant objected to the trial proceeding, upon the ground that the court had no jurisdiction to proceed, no new trial having been ordered by the appellate court. This objection was overruled and the trial proceeded.

Defendant now contends that because this court failed to order a new trial upon reversing the former judgment, the trial court should have dismissed the action.

We think the point has been disposed of adversely to defendant's contention by the decision of the supreme court, to which he applied for a discharge from custody upon *habeas corpus.   (Ex parte Ballard,* 149 Cal. 114, [84 Pac. 833].) The court pointed out that where, as in this case, the appellate court reverses a judgment without either ordering a new trial or directing the discharge of the defendant, such action is evidently the result of inadvertence and of a temporary forgetfulness of the provisions of section 1262, Penal Code, and that in such case the remedy of the defendant would be

a motion in such court for an order directing such discharge. If such motion had been made this court could have made a proper order disposing of the case. As it appears that the judgment upon the first appeal was reversed for a cause that required the granting of the motion for a new trial, this court could, and doubtless would, if its attention had been called to the fact that it had failed to dispose of the appeal from the order denying the motion for a new trial, have made an order reversing such order. This in effect would have been the ordering of a new trial. (*People* v. *Hardisson,* 61 Cal. 378.)

The judgment of conviction having been reversed, and this court not having ordered the discharge of the defendant or a dismissal of the action, the trial court had jurisdiction to proceed with a new trial.

It is also contended that the court erred in overruling the objection of defendant to the reading in evidence the deposition of an absent witness taken on the preliminary examination of the defendant. It is not claimed upon this appeal, as it was upon the former appeal, that it had not been sufficiently shown that the witness could not be found. The record before us shows that the testimony of the absent witness was read from a transcript of such testimony taken before the police court, and, of course, then present in court. It is now urged that it does not appear that the witness who gave the testimony was sworn. No such objection was made before the trial court. The objection simply was that the testimony was "immaterial, irrelevant, incompetent and hearsay." If, in fact, the transcript from which the district attorney read did not show that the witness gave the testimony under oath, and if the real point of the objection was that the witness was not sworn, it was the duty of counsel to specifically make the objection upon that ground. By the general objection that the evidence was "incompetent and hearsay," the court was not informed of the point now urged in this court. If it had been, doubtless the record would clearly show whether or not such witness was sworn at the preliminary examination. The record does not show that he gave his testimony without objection from defendant, who was there represented by the same counsel who represents him now, and that the witness was cross-examined by such

counsel.   Under such circumstances we do not think that the objection now urged was presented by the objection actually made to the trial court.

No other point is made for a reversal, and the judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.