(April 21, 1915.)

STATE, Respondent, v. IDELL FLOWER, ED. LUKE and PHOEBE LUKE, Appellants.

[147 Pac. 786.]

GRAND LARCENY—INFORMATION—SUFFICIENCY OF—STOLEN PROPERTY— WIFE'S POSSESSION OF—STATUTORY CONSTRUCTION.

1. An information may properly be divided into four parts: 1, the caption, 2, the inducement or commencement, 3, the charging part, and 4, the conclusion.

2. The most substantial part of the information is the charging part, and the charging part of every criminal information for grand larceny must not only name the person charged but it must state what was stolen by that particular person and where and when it was stolen, and if those things are not stated, the information is not sufficient to charge a public offense.

3. An information which in the caption contains the names of several persons all but one of which are thereafter contained in the charging part of the information, is not sufficient to charge the person with a crime whose name is thus omitted from the charging part.

4. Under the laws of this state, the domicile of the husband is presumed to be the domicile of the wife, and under the provisions of sec. 2675, Rev. Codes, the husband is the head of the family and may choose any reasonable place or mode of living, and the wife must conform thereto; and in case the husband commits the crime of grand larceny and takes the personal property stolen to his residence where his wife and family reside, it would take other and further evidence to convict the wife than the mere fact that such

stolen property was found in the home where she resided with her husband.

5. The evidence *held* not sufficient to sustain the verdict of guilty against Idell Flower.

6. *Held,* that instructions Nos. 6 and 8 correctly state the law, are not contradictory, and the court did not err in giving them.

7. *Held,* that the defendants Phoebe Luke and Idell Flower must be discharged and released from custody under the judgment entered by the trial court.

APPEAL from the District Court of the Seventh Judicial District, in and for Canyon County. Hon. Ed. L. Bryan, Judge.

The defendants were convicted of grand larceny and sentenced to the state penitentiary. Judgment reversed as to Idell Flower and Phoebe Luke.

Scatterday & Van Duyn, for Appellants.

The caption neither takes from nor adds to the validity of an indictment. (*Commonwealth v. Drewry,* 126 Ky. 183, 103 S. W. 266; *Mitchell v. Commonwealth,* 106 Ky. 602, 51 S. W. 17.)

In charging the offense, nothing is left to implication or intendment or to conclusion. (22 Cyc. 336, and authorities cited.)

An indictment or information must name the defendant whom it is intended to charge with the offense therein alleged, and an omission in this regard will make the indictment bad. (10 Cyc. Plead. & Prac. 504 (XI).)

The omission of a material averment in an indictment cannot be supplied by an instruction or by the proof or by the findings of the jury of the fact not alleged. (22 Cyc. 296.)

Where a specific act is to be made, by proof, the basis of a charge in a criminal case, that specific act must be alleged. (*Hoyt v. State,* 50 Ga. 313; *United States v. Martindale,* 146 Fed. 289; *State v. Laechelt,* 18 N. D. 88, 118 N. W. 240; *State v. Stowe,* 132 Mo. 199, 33 S. W. 799; *State v. McKinney,* 130 Iowa, 370, 106 N. W. 931.)

In Chamberlayne on Modern Evidence (sec. 1134, note), it is said that property found to be in the possession of the husband and wife will be taken to be in the possession of the husband.

J. H. Peterson, Atty. Genl., Herbert Wing, E. G. Davis and T. C. Coffin, Assts., for Respondent.

The state concedes the position of the defendant with regard to insufficiency of information as against Phoebe Luke to be well taken. This court, in the case of *State v. Smith,* 25 Ida. 541, 138 Pac. 1107, held that the facts and circumstances constituting the offense must be stated in ordinary concise language. The cases cited by the appellant are in point on this question, and we would particularly call attention to the case of *State v. Stephens,* 199 Mo. 261, 97 S. W. 860, and also to 10 Ency, Pleading and Practice, 476, 504.

The instruction upon the question of recently stolen property will be found to be in exact accord with the rulings of this court. (*State v. Bogris,* 26 Ida. 587, 144 Pac. 789.)

While marriage does not take from the wife her capacity to commit crime, it does cast upon her the duty of obedience to and affection for her husband, and the law therefore indulges in the presumption that if she commits an offense in his presence, it was the result of his constraint or coercion, and in the absence of proof to the contrary excuses her. (*State v. Miller,* 162 Mo. 253, 85 Am. St. 498, 62 S. W. 692; *State v. Ma Foo,* 110 Mo. 7, 33 Am. St. 414, 19 S. W. 222; *Bibb v. State,* 94 Ala. 31, 31 Am. St. 88, 10 So. 506; *State v. Harvey,* 130 Iowa, 394, 106 N. W. 938.)

Under the circumstances shown in this case, the possession of these articles of personal property by Mrs. Flower was properly to be considered by the jury as a circumstance against her, especially in view of the fact that there is circumstantial evidence tending to connect her with the commission of larceny and that at the time she was neither in the presence nor under the control of her husband.

SULLIVAN, C. J.—On the 17th of November, 1914, the prosecuting attorney of Canyon county filed an information against Idell Flower, Ed. Luke, Phoebe Luke, Frank Russell, George Russell, John Black and Theodore Black, charging them with the crime of grand larceny. The defendants were arraigned and plead not guilty. A trial was had and the jury found Idell Flower, Ed. Luke and Phoebe Luke guilty of the crime charged, and the other defendants were found not guilty. On December 4th, 1914, judgment was pronounced against the defendants found guilty, whereby Idell Flower and Phoebe Luke were each sentenced to imprisonment in the state penitentiary for a period of not less than three years and not more than fourteen years, and Ed. Luke was given a term of imprisonment for not less than five years and not more than fourteen years. A motion for a new trial was made and denied and this appeal is from the judgment and order denying a new trial.

Before proceeding to discuss and dispose of the errors assigned, we will set forth some of the facts shown by the record:

Ed. Luke and his wife, Phoebe Luke, resided on a farm owned by one Rowland, which farm was situated about two miles northeast of Wilder, in Canyon county, and with them lived two other of the defendants, John and Theodore Black, and one George Ash and his wife, the wife being the daughter of Mrs. Luke. The defendant Idell Flower was a sister of Mrs. Luke, and lived just out of the city limits of Emmett, in Canyon county. Mrs. Flower, during the summer of 1914, was living with her husband and her two sons, Frank and George Russell, who were also defendants in this action.

It appears that in the Black Canyon Irrigation District, extending from above Emmett to near Caldwell, there were a number of homesteaders who had houses on their homesteads furnished with stoves, bedding and other personal property used for their convenience in residing on their homesteads, and during the summer and fall of 1914 many of these houses were looted and the furniture and other personal property was stolen. It was the custom of the homesteaders to close

up their houses and leave them for perhaps weeks at a time, as they had a right to do under the homestead laws, and it was during their absence this looting occurred. A considerable amount of this stolen property was found in the possession of the defendants Luke and Flower at their residences, and on the trial of this case much of this property was identified by the owners.

The first error assigned is to the effect that the information is insufficient to charge Phoebe Luke with the crime of grand larceny. The caption of the information is as follows:

"B. W. Henry, Prosecuting Attorney in and for the county of Canyon, State of Idaho, who, in the name and by the authority of said State, prosecutes in °this behalf, in proper person comes into said court, at the county of Canyon, on the 17th day of November, 1914, and gives the said court to understand and be informed that Idell Flower, Ed. Luke, Phoebe Luke, Frank Russell, George Russell, John Black and Theodore Black are accused by this information of the crime of grand larceny, committed as follows:"

The charging part of said information is as follows:

"The said Idell Flower, Ed. Luke, Frank Russell, George Russell, John Black and Theodore Black, on or about the 23d day of September, A. D. nineteen hundred and fourteen and prior to the filing of this information at the County of Canyon, in the State of Idaho, did then and there wilfully, unlawfully and feloniously take, steal and carry away the personal property of Anna Feigh, of the value of One Hundred Five dollars ($105), described as follows: 1 six-hole standard range, one feather bed, three pairs feather pillows, one bed mattress, one bed spring, one iron bedstead, eight comforts, three couch pillows, one pair woolen blankets, two bed spreads, six table cloths, two and one-half dozen napkins, four bed sheets, two sacks flour, four chairs, photographs, pictures, kitchen cooking utensils, china dishes, and table silverware, contrary to the form, force and effect of the statute in such cases made and provided, and against the power, force and dignity of the State of Idaho."

It will be observed that the caption of said information as above quoted contains the name of Phoebe Luke, but her name does not appear in the charging part, nor is the said Phoebe Luke, by reference to the caption or otherwise, mentioned in the charging part of the information.

An information is divided into four parts: 1st, the caption; 2d, the inducement or commencement; 3d, the charging part, and 4th, the conclusion. The substantial part of the information is the charging part. It is elementary law that every criminal information for grand larceny must not only name the person charged, but that it must state what was stolen by that particular person and where and when it was stolen, and if those things are not charged, the information does not state facts sufficient to constitute a public offense. In the charging part of said information the name of Phoebe Luke does not appear among the other defendants whose names are mentioned therein, and she was not there charged with the other defendants of feloniously stealing the personal property therein described, and for that reason the information does not charge a public offense against Phoebe Luke. Now, since the jury found her guilty of the offense charged against her in the information, and there is no offense charged against her therein, the defendant was not legally convicted. There-· fore the judgment as to her must be set aside and she must be discharged from custody.

And again: There is no evidence whatever to show that Phoebe Luke committed the crime of grand larceny. To be found guilty of the crime of grand larceny, the party charged must be found guilty of committing the crime in person or aiding and abetting another or others in committing the same. The evidence in this case only shows that Mrs. Luke lived with her husband, Ed. Luke, in the house where a part of the stolen property was found.

There is no direct evidence against any of the defendants; that is, they were not seen stealing and carrying away said property. The entire evidence is circumstantial. It shows that a part of said stolen property was found in the house of Ed. Luke and the rest of it in the home of Idell Flower

and her husband. It seems that Idell Flower's husband left the country shortly before the arrest of the other defendants and has not been apprehended.

Under the laws of this state the domicile of the husband is presumed to be the domicile of the wife. Under the provisions of sec. 2675, Rev. Codes, the husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto. Now, if the husband commits the crime of grand larceny and takes the property stolen to his residence, where his wife and family reside, it would certainly take some further evidence to convict the wife of aiding and abetting in said crime than the mere finding of such property at the place where the wife resided with her husband. In other words, in order to convict the wife the state must show that she possessed guilty knowledge of the theft of such property and aided and abetted her husband in concealing it. The unexplained possession in the home would not be sufficient to convict her. Even if the wife knew that her husband had stolen this property and brought it to their home, as a matter of law the wife could not be convicted for having this knowledge, as the law does not require the wife to inform against her husband. However, it is possible that under some circumstances the wife might be informed against and proven guilty of receiving stolen property or having stolen the property in her possession.

In this particular case, however, the charge was for grand larceny, to wit, the taking and carrying away of property belonging to another of the value exceeding $60, and it is necessary to prove, in order to convict Mrs. Luke and Mrs. Flower, that they each had carried away or aided and abetted in carrying away or in concealing the property alleged to have been stolen. There is no evidence in the record to show that Mrs. Flower or Mrs. Luke either took and carried away the personal property referred to in the information, and the mere fact that said personal property was found in the homes of the husbands of these defendants is not sufficient in itself to convict them of the crime charged.

Mrs. Flower testified that when certain of this stolen property was brought to their home, she asked her husband where he got it, and he told her he purchased it at a second-hand store in Emmett, and as he was a drinking man and sometimes beat her, she did not pursue the investigation further.

We do not think the evidence is sufficient to sustain the verdict of guilty against the defendant Mrs. Flower.

It is suggested by counsel for appellant that instructions Nos. 6 and 8 given by the court are contradictory and prejudicial to the rights of the defendants. Upon an examination of said instructions, we are satisfied that the instructions taken together state the law of the case and there was no error in giving them.

So far as the defendant Ed. Luke is concerned, the evidence is amply sufficient to sustain the verdict and judgment, and the judgment is therefore affirmed as to him and reversed as to Idell Flower and Phoebe Luke, and said Idell Flower and Phoebe Luke are directed to be discharged by the officer having them in custody. It is hereby directed that a certified copy of the judgment of this court be served immediately upon the officer having said Idell Flower and Phoebe Luke in custody, which shall be his warrant for discharging them from custody or imprisonment, as provided by sec. 8074, Rev. Codes.

Budge and Morgan, JJ., concur.