PEOPLE, PLAINTIFF AND APPELLEE, *v.* PORTELA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for False Representation.

No. 1319.—Decided March 27, 1919.

NEW TRIAL—FORMER JEOPARDY.—In a new trial the accused is estopped from pleading former jeopardy by reason of a prior conviction when the judgment of conviction has been reversed for error on appeal or writ of error.

FALSE REPRESENTATION—INFORMATION.—An information which purports to charge false representation, but does not contain a clear description of the fraudulent pretense and does not allege that by reason of the representations of the accused the witness was induced to part with something of value which came into the possession of the accused, is insufficient.

ID.—EVIDENCE—INTENT.—The evidence here showed that the prosecuting witness gave the accused a certificate of deposit for $500 from which to collect a debt of $43 and in exchange received from the accused checks on the Crédito y Ahorro Ponceño for $300, $100 and $57. The checks for $100 and $57 were paid, but the check for $300 was not paid, for when it was presented for collection the accused had only $27 in the bank and that had been attached. From December 21, 1917, when the check was drawn, until January 3, 1918, the accused had sufficient money in the bank to meet the check, except on December 31, when he had only $242.58 to his credit. *Held:* That these facts do not show an intent on the part of the defendnat to defraud the prosecuting witness.

The facts are stated in the opinion.

*Messrs. López de Tord* and *Zayas Pizarro* for the appellant.

*Mr. S. Mestre, Fiscal* of the Supreme Court, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant assigns various grounds of error in this

case. The *fiscal* selects one of them, namely, that the verdict was defective and agrees that the judgment should be reversed and the case sent back for a new trial. To this the appellant replies that such a new trial would put him in jeopardy a second time. The appellant is mistaken. After a conviction an accused is estopped to plead a prior conviction when the said conviction has been reversed for error on appeal or writ of error brought by himself. *United States* v. *Ball,* 163 U. S. 662, 672; *People* v. *Mooney,* 132 Cal. 16; 63 Pac. 1070, 12 Cyc. 278, 8 R. C. L. 160; *People* v. *McFarlane,* 138 Cal. 481; 61 L. R. A. 245; *People* v. *Tong,* 155 Cal. 579; 24 L. R. A. (N. S.) 481. The reversal completely annuls the former trial and places the parties in the same position as if no trial had been had. Section 302, Code Criminal Procedure.

We find, however, that as the case must be reversed on more fundamental grounds it is unnecessary to consider the alleged defective verdict.

There are other errors alleged by the appellant. The most important of these is that the information fails to state a crime. It is as follows:

"In the name and by the authority of The People of Porto Rico.— United States of America.—The President of the U. S.—The People of Porto Rico *vs.* Angel Portela.—In the District Court of Ponce, P. R., this 30th day of March, 1918.—The *fiscal* files this information against Angel Portela for a crime of false personation (felony) committed as follows: The said defendant Angel Portela on or about the 21st day of December, 1917, in Yauco, within the judicial district of Ponce, P. R., illegally, wilfully and maliciously, by false and fraudulent representation or pretences, defrauded Felícita Irizarry, widow of Ramos, in the sum of $300 by issuing to her order a check number 1972 against the Crédito y Ahorro Ponceño, Sucursal de Yauco, for the said sum of $300, the said Felícita Irizarry, widow of Ramos, having been unable to collect the aforesaid sum because the said Crédito y Ahorro Ponceño, Sucursal de Yauco, returned the aforesaid check without paying it, stating that the defendant, Angel Portela, did not have any funds in the said bank, thus defrauding

the said Irizarry, widow of Ramos, in the sum of $300, which amount she has been unable to recover from said defendant Angel Portela who issued the check knowing that he had no funds in the said bank, and therefore that it could not be collected. This is contrary to the law for such cases provided and against the peace and dignity of The People of Porto Rico.''

· The false representation is not set out in so many words, nor is there any clear exposition of what the fraudulent pretence was. The information not only fails to state that the prosecuting witness was induced to part with anything of value by reason of the representations of the appellant, but the said information fails to state that the prosecuting witness gave the appellant anything of value in exchange for the check.

The facts as developed at the trial were that the prosecuting witness owed the appellant $43. In payment of the same she gave him a certificate of deposit for $500 and in exchange he gave her checks on the Crédito y Ahorro Ponceño, Sucursal de Yauco, in the sums of $300, $100 and $57. Apparently the checks for $100 and $57 were paid, but on the day when the check for $300 was presented there was only $27 in bank which had been attached. The prosecuting witness, however, did not promptly present the check of $300 for payment. On the afternoon of the 21st of December, 1917, when the check was drawn, the appellant had $487.99 in bank, on the 22nd, $355.12, on the 24th, $406.69, on December 31st, $242.66, and on January 3rd, 1919, $300.49. The original amount of $487.99, was principally made up of the deposit of the certificate of $500 and the prosecuting witness also told the appellant that she would not want the $300 for twenty or thirty days. Likewise the appellant admitted to two witnesses that when he drew the check for $300 he did not have enough in the bank to pay it, but the proof shows that he immediately deposited the certificate of $500. There are other indications in the record that the appellant was hard up and was tempted and that he failed to protect the

check of $300, but there was no proof that at the time he drew the check for $300 he intended to defraud the prosecuting witness.

The judgment must be reversed and the appellant discharged.

*Reversed and defendant discharged.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.