EL PUEBLO, DEMANDANTE Y APELADO, *v.* PORTELA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por falsa representación.

No. 1319.—Resuelto en marzo 27, 1919.

NUEVO JUICIO—FORMER JEOPARDY.—En un nuevo juicio está impedido el acusado de alegar la defensa de *former jeopardy* por virtud de una condena anterior cuando tal sentencia condenatoria ha sido revocada en apelación ó recurso por causa de error.

FALSA REPRESENTACIÓN—ALEGACIONES—ACUSACIÓN INSUFICIENTE.—Una acusación imputando el delito de falsa representación en la que no hay una exposición clara de los hechos constitutivos de la falsa simulación y en la cual no se alega que por efecto de las simulaciones del acusado la denunciante fué inducida a desprenderse y efectivamente se desprendió de dinero o bienes que pasaron a poder del acusado, es insuficiente.

FALSA REPRESENTACIÓN—EVIDENCIA—INTENCIÓN DE DEFRAUDAR.—De la evidencia resulta que en este caso la perjudicada, para pagarle $43 que le adeudaba, entregó al acusado un certificado de depósito por $500, recibiendo en cambio cheques contra el Crédito y Ahorro Ponceño suscritos por el acusado por valor de $300, $100 y $57. Los dos últimos fueron pagados, pero no así el primero, porque cuando fué presentado para su cobro, solamente tenía el acusado en el banco veinte y siete dólares, cuya suma había sido embargada. Desde el día 21 de diciembre de 1917 en que fué librado el cheque hasta enero 3, 1918, el acusado tuvo suficiente dinero en el banco para cubrir el *check*, exceptuándose el día 31 de diciembre que solamente tenía $242. *Se resolvió:* que tales hechos no demuestran la intención de defraudar por parte del acusado.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *López de Tord & Zayas Pizarro.*

Abogado del apelado: Sr. *S. Mestre, Fiscal del Supremo.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso el apelante señala varios errores. El fiscal considera uno de ellos, o sea el de que el veredicto fué insuficiente y está conforme en que la sentencia apelada debe ser revocada y devolverse el caso para la celebración de un nuevo juicio. A esto opone el apelado que tal nuevo juicio lo pondría en peligro por segunda vez. Está equivocado el apelante en esta contención. Después de una condena está impedido el acusado de alegar una condena anterior cuando tal sentencia condenatoria ha sido revocada debido a error, a virtud de apelación o auto de error establecido por él mismo. *U. S.* v. *Ball*, 163 U. S. 662, 672; *People* v. *Mooney*, 132 Cal. 16; 63 Pac. 1070, 12 Cyc. 278; 8 R. C. L. 160; *People* v. *McFarlane*, 138 Cal. 481; 61 L. R. A. 245; *People* v. *Tong*, 155 Cal. 579; 24 L. R. A. (N. S.) 481. La revocación anula por completo el juicio anterior y deja a las partes en igual situación que si no se hubiera celebrado ningún juicio. Artículo 302, Código de Enjuiciamiento Criminal.

Encontramos, sin embargo, que teniendo que ser revocado el caso por un motivo más fundamental, se hace innecesario el considerar el veredicto que se alega que es insuficiente.

Existen otros errores que han sido alegados por el apelante. El más importante de éstos es el de que en la acusación no se especifica delito alguno. La acusación es como sigue:

"En el nombre y por la autoridad de El Pueblo de Puerto Rico.—Estados Unidos de América, El Presidente de los Estados Unidos.—El Pueblo de Puerto Rico contra Angel Portela.—En la Corte de Distrito de Ponce, P. R., a 30 de marzo de 1918.—El fiscal formula acusación contra Angel Portela por un delito de falsa representación (*felony*), cometido como sigue:—El referido acusado, Angel Portela, allá por el día 21 de diciembre de 1917, y en Yauco, dentro del Distrito Judicial de Ponce, P. R., ilegal, voluntaria y maliciosamente y valiéndose de falsas y fraudulentas simulaciones defraudó a

la señora Felícita Irizarry, viuda de Ramos, la suma de $300, librando a la orden de dicha señora un cheque número 1972 a cargo del Crédito y Ahorro Ponceño, sucursal de Yauco, por la ameritada suma de $300 que la mencionada Felícita Irizarry, viuda de Ramos, no pudo hacer efectiva porque el predicho banco Crédito y Ahorro Ponceño, Sucursal de Yauco, devolvió el cheque de que se ha hecho mención, sin pagarlo, informando que el acusado, Angel Portela no tenía fondos en dicho banco, resultando así defraudada la señora Irizarry, viuda de Ramos, en la cantidad de $300 que no ha podido recobrar del acusado Angel Portela, quien libró el cheque a sabiendas de que no tenía fondos en el predicho banco para que fuera hecho efectivo.—Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico.''

La falsa representación no se expresa tan explícitamente ni hay en la acusación una exposición clara de lo que constituyó la falsa simulación. En la acusación no solamente se dejó de especificar que la denunciante fué inducida a desprenderse de algo de valor debido a las simulaciones del apelante sino que en ella no se alega que la denunciante dió al apelante algo de valor a cambio del cheque.

Los hechos según se desarrollaron en el juicio fueron que la denunciante debía al apelante la suma de $43. En pago de esa suma ella le dió un certificado de depósito por $500 y a cambio de éste él le entregó cheques contra el Crédito y Ahorro Ponceño, Sucursal de Yauco, por las sumas de $300, $100 y $57. Aparentemente los cheques de $100 y $57 eran pagados, pero el día en que el cheque de $300 fué presentado solamente había en el banco la cantidad de.$27, la cual había sido embargada. La denunciante, sin embargo, no presentó prontamente el cheque de $300 para su pago. En la tarde del 21 de diciembre de 1917, día en que fué librado el cheque, tenía el apelante $487.99 en el banco; el 22, $355.12; el 24, $406.69; en diciembre 31, $242.66 y en enero 3 de 1919, $300.49. La primitiva cantidad de $487.99 estaba formada

principalmente por el depósito del certificado de $500 y la denunciante también dijo al apelante que no quería los $300 por veinte o treinta días. Asimismo admitió el apelante lo manifestado por dos testigos de que cuando expidió el cheque de $300 no tenía bastante dinero en el banco para pagarlo pero la prueba demuestra que él depositó inmediatamente el certificado de $500. Existen en los autos otras indicaciones relativas a que el apelante se encontraba en una situación apurada, que estuvo tentado y dejó de cubrir el cheque de $300, pero no hubo prueba de que al expedir el cheque de $300 intentó él defraudar a la denunciante.

La sentencia apelada debe revocarse y absolverse el apelante.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.