PEOPLE, PLAINTIFF AND APPELLEE, *v.* FELICIE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Aggravated Assault and Battery.

No. 2006.—Decided February 19, 1923.

FORMER JEOPARDY—DISMISSAL.—A judgment of the Supreme Court ordering a dismissal because the information was not filed within 60 days from the day of the arrest (sec. 448 of the Code of Criminal Procedure) does not prevent the filing of a new information for the same offense if it is a felony.

ID.—AUTREFOIS ACQUIT.—The plea of *autrefois acquit* raises a question of law to be submitted to the court and not to the jury.

The facts are stated in the opinion.

*Mr. J. R. Aponte* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The appellant was tried on a charge of mayhem and found guilty of aggravated assault and battery. From that judgment he took the present appeal.

On arraignment the defendant pleaded as follows: "In answer to the information the defendant alleges that he has been acquitted of the crime with which he is now charged by a judgment of the Supreme Court of Porto Rico of July 14, 1922." The judgment referred to by the defendant reads as follows:

"IN THE SUPREME COURT OF PORTO RICO.—The People of Porto Rico, Plaintiff and Appellee, v. Manuel Felicié.—No. 1944.—Appeal from the District Court of Arecibo.—Judgment.—San Juan, Porto

Rico, July 14, 1922.—For the reasons stated in the opinions of this court in the cases of People v. Otero, decided April 7, 1922, and People v. Laguerra, decided April 25, 1922, this court reverses the judgment rendered by the District Court of Arecibo in the above-entitled case on February 18, 1922, and dismisses the action.—Let this be communicated in the proper manner and for the corresponding purposes.   *   *   *''

The trial court overruled the defendant's said plea and its ruling is the only error assigned by the appellant in his brief; but it is added that the court erred in not submitting that question to the jury.

The judgment relied upon by the appellant in support of his plea is based on subdivision 1 of section 448 of the Code of Criminal Procedure. That statute only authorizes the dismissal of a prosecution where a person has been held to answer for a public offense and, without good cause shown, an information is not filed against him within sixty days thereafter. But in the case of a felony a dismissal under that statute does not amount to a judgment of acquittal which prevents the filing of a new information for the same offense, for this is expressly determined by section 452 of the same Code of Criminal Procedure, which reads as follows:

''Sec. 452.—An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony.''

The present prosecution was for mayhem, a felony, and the dismissal of the action by a previous judgment of this court was not a bar to the filing of the new information under which the defendant was found guilty of the lesser crime of aggravated assault and battery.

In the case of *People* v. *Portela*, 27 P. R. R. 243, this Court held as follows:

''The *fiscal* selects one of them, namely, that the verdict was

defective, and agrees that the judgment should be reversed and the case sent back for a new trial. To this the appellant replies that such a new trial would put him in jeopardy a second time. The appellant is mistaken. After a conviction an accused is estopped to plead a prior conviction when the said conviction has been reversed for error on appeal or writ of error brought by himself. *United States v. Ball,* 163 U. S. 662, 672; *People* v. *Mooney,* 132 Cal. 16, 63 Pac. 1070; 12 Cyc. 278; 8 R. C. L. 160; *People* v. *McFarlane,* 138 Cal. 481; 61 L. R. A. 245; *People* v. *Tong,* 155 Cal. 579; 24 L. R. A. (N. S.) 481. The reversal completely annuls the former trial and places the parties in the same position as if no trial had been had. Section 302, Code Criminal Procedure.''

And in California, whence section 448, *supra,* was adopted, it being similar to section 1382 of the Penal Code of that state, it has been held that a dismissal of the action against a defendant under that section is in the nature of a judgment of nonsuit; and as the defendant has never been in jeopardy, it is not a bar to another prosecution. *Ex parte Clarke,* 54 Cal. 413; *Ex parte Cahill,* 52 Cal. 463; *Ex parte Bull,* 42 Cal. 196. See also *People* v. *Schmidt,* 64 Cal. 260, in relation to section 452, *supra,* the counterpart of section 1387 of the Penal Code of California.

Therefore, the trial court acted in accordance with the law and the jurisprudence in overruling the plea of former jeopardy based on a prior judgment of acquittal. Nor did the court err in finding that the question should not be submitted to the jury, for it was rather a question of law for the court to decide, as it did.

For the foregoing reasons the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.