[Civ. No. 10310.   First Appellate District, Division Two.—February 9, 1937.]

ELWIN B. WILSON, Appellant, v. ROBERT P. TROY, Respondent.

Thomas C. Ryan and Jack Flinn for Appellant.

Robert P. Troy, *in pro. per.*, for Respondent.

STURTEVANT, J.—In an action for malicious prosecution the defendant made a motion for judgment on the pleadings. His motion was granted and from the judgment so entered the plaintiff has appealed and has brought up the judgment roll.

After title of court and cause the plaintiff's amended complaint was as follows:

"Comes now the plaintiff and, by leave of the court first had and obtained, files this, his amended complaint, and alleges:

"I.

"That on the 14th day of February, 1935, the defendant, maliciously intending to injure the plaintiff, appeared before Honorable George W. Schonfeld, Judge of the Municipal Court of the City and County of San Francisco, State of California, and swore to a complaint charging the plaintiff with the crime of burglary; that the defendant procured the arrest of the plaintiff on said charge.

"II.

"That, in doing said things aforesaid, the defendant acted maliciously and without probable cause.

"III.

"That the plaintiff was imprisoned under said charge and pursuant to said arrest, in the City Prison of the City and County of San Francisco, for eighty-six (86) days.

"IV.

"That plaintiff was tried on said charge; and, on the 13th day of May, 1935, the said criminal prosecution of plaintiff terminated in plaintiff's favor and said charge of burglary was, thereupon, dismissed; that on said date the criminal proceedings against plaintiff terminated.

"V.

"That, by reason of the premises, plaintiff has been damaged in the sum of One Hundred Thousand Dollars ($100,-000).

"VI.

"That, by reason of the premises, plaintiff is entitled to, should have and hereby demands exemplary or punitive damages in the further and additional sum of One Hundred Thousand Dollars ($100,000)."

Both parties agree that the rule as to the necessary allegations in a complaint in such a case is correctly stated in 16 Cal. Jur., pp. 744–755, "Malicious Prosecution," sec. 13, as follows: " . . . Under the present practice, to state a cause of action, the complaint must allege the institution of the proceeding complained of, malice, want of probable cause, and the final termination of the proceedings in favor of the plaintiff. . . . " The plaintiff earnestly contends that his complaint meets all of the requirements mentioned in

said rule. The defendant contends that it does not meet any of them and in particular that it does not show the *final* termination of the proceedings in the burglary action in favor of the plaintiff. He alleges he was tried. The ordinary meaning of that expression when referring to a criminal action, is a trial on the merits. But he also alleges that the charge was dismissed. If he was tried on the merits and acquitted he would have been discharged from custody, but in no proper sense would it be said that the action was dismissed. Section 1382 of the Penal Code provides for dismissals without a trial under certain circumstances. The dismissal in the burglary action evidently was not made under that section because the plaintiff alleges that he was tried. Section 1385 of the Penal Code provides for other dismissals some of which may be made during or after trial according to the facts of each particular case. (7 Cal. Jur. 1002.) Such dismissals in a felony case do not terminate the proceedings. (7 Cal. Jur. 945; *People* v. *Mooney,* 132 Cal. 13 [63 Pac. 1070].) That such dismissal terminates proceedings on the specific indictment or information will be conceded. But, if under the order made, a new indictment or information may be filed, the order does not *terminate the proceedings.* True it is that the plaintiff alleges said action terminated, but that does not meet the rule. He should have alleged facts showing that it had *finally* terminated. He did not plead that fact. (*Carpenter* v. *Nutter,* 127 Cal. 61, 64 [59 Pac. 301].) The pleading was therefore insufficient and the trial court did not err in making an order in favor of the defendant for judgment on the pleadings.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 11, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 8, 1937.