[Civ. No. 12528. Second Appellate District, Division Two.—November 4, 1940.]

GEORGE TAYLOR, Appellant, v. J. H. PARSONS et al., Respondents.

Walter Gould Lincoln for Appellant.

Harold M. Davidson for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the sustaining of a demurrer without leave to amend to plaintiff's complaint as amended in an action for malicious prosecution, plaintiff appeals.

The appeal is on the judgment roll alone. The amended complaint alleged in substance that March 28, 1938, defendants swore to a complaint charging plaintiff with embezzlement; that a warrant was thereupon issued by a justice of the peace March 29, 1938; that plaintiff was arrested, placed in jail, and admitted to bail; that, when the matter came before the justice of the peace May 19, 1938, on preliminary examination, evidence was presented and the case dismissed.

Paragraph IV of the complaint as amended read thus:

"That neither defendant herein has any intention to, nor will swear to, nor cause any complaint to be sworn to, charging this plaintiff with the same crime as charged in the said affidavit and complaint of March 28th, 1938; that neither defendant has any intention to, nor will cause any warrant to be issued, charging this plaintiff with the said crime as set out in the said affidavit, complaint and warrant of March 28th, 1938; that neither defendant has any intention to, nor will cause this plaintiff to be hereafter arrested upon the same alleged crime as caused his arrest on the 29th day of March, 1938."

This is the sole question necessary for us to determine:

*Did plaintiff's complaint as amended allege a "final termination" of the proceeding that defendants had instituted against plaintiff?*

■ This question must be answered in the negative. The only allegations in plaintiff's pleadings relative to a final termination of the case are those set forth in paragraph IV of the amended complaint as quoted above. Obviously there is not any allegation in that paragraph of the complaint of a final termination of the proceeding instituted against plaintiff. It contains merely conclusions of the pleader as to what the defendants' intention was. There is no allegation of fact.

The following established principles of law are applicable:

■ (1) In order to state a cause of action for malicious prosecution, it is necessary that facts be alleged showing a final termination of the proceeding instituted against plaintiff. (*Haydel* v. *Morton*, 8 Cal. App. (2d) 730, 733 [48 Pac. (2d) 709]; *Eustace* v. *Dechter*, 28 Cal. App. (2d) 706, 710 [83 Pac. (2d) 523]; *Wilson* v. *Troy*, 19 Cal. App. (2d) 156, 158 [64 Pac. (2d) 1141].)

■ (2) A dismissal at a preliminary hearing of a felony case does not constitute a final termination of the proceedings. (*Wilson* v. *Troy*, 19 Cal. App. (2d) 156, 158 [64 Pac. (2d) 1141].)

■ Therefore, applying the above-mentioned rules of law, plaintiff's pleading in alleging the dismissal of the criminal proceeding instituted against him by defendants did not allege a final termination of the criminal proceeding, and, since there is no other allegation of a final termination of such proceeding, an essential allegation of a cause of action for malicious prosecution was absent from his complaint, and the trial court properly sustained the demurrer thereto without leave to amend.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.