220 P.2d 1067

**STEARNS et al. v. NORTON et al.**

No. 7642.

Supreme Court of Idaho.

July 10, 1950.

436

E. L. Miller and Wm. S. Hawkins, Coeur d'Alene, Stephen Bistline and W. J. Nixon, Bonners Ferry, T. R. Johnson and John Carl Mundt, Sioux Falls, S. D., for respondents.

McNaughton & Sanderson, Coeur d'-Alene, Bandelin & Bandelin, Sandpoint, for appellant.

TAYLOR, Justice.

This action was brought by a foreign administrator to recover on a foreign judgment.[1] On the first trial at the close of plaintiffs' case, a judgment of dismissal "without prejudice" was entered. This court held that judgment to be a nullity and remanded the cause "for further appropriate action." Stearns v. Strom, 68 Idaho 392, 195 P.2d 337. When the case

---

[1]. Holmstrom v. Wall, 64 S.D. 467, 268 N. W. 423.

again came before the district court, that court granted a motion by the plaintiffs to substitute the administrator appointed by the Probate Court of Boundary County, Idaho, as plaintiff instead of the administrator appointed in South Dakota, in whose name the action was originally brought. The court then ordered the cause retried. The defendant objected to the substitution and the retrial on the ground that such proceedings were contrary to, and unauthorized by, the mandate of this court, and insisted that the trial court was required to rule on the motion for continuance and the motion for nonsuit left in the case by the decision of this court. The trial judge announced that the motion for continuance had been disposed of at the first trial, and proceeded to retry the case. Judgment on the merits was entered for plaintiffs. Defendant again appeals, assigning as error (1) the refusal of the trial court to rule upon the motion for nonsuit, (2) the granting of the motion for substitution, and (3) the retrial of the issues.

 The first appeal, being limited to the effect of the district court's attempt to enter a judgment of nonsuit "without prejudice", the decision of this court did not go to the merits. Therefore, the parties were not concluded on the merits. The effect of the reversal and remand "for further appropriate action", was to restore the cause to the position it would have occupied had no judgment been entered. At that stage of the proceedings the court could have denied defendant's motion for nonsuit, permitted plaintiffs to reopen, make the substitution, and introduce further proof. What it actually did was in effect the same. Had the cause been tried to a jury, and had the court determined to permit further proof, a retrial to a new jury would appear to have been the only "appropriate action." U. S. Fidelity & Guaranty Co. v. Calvin, Mo.App., 17 S.W.2d 675. Likewise (unless the parties agree otherwise) if the cause is heard the second time by a different judge. The fact that the same judge ordered a retrial does not appear to have affected any substantial right of appellant. I.C. § 5-907. We conclude that the trial court proceeded in harmony with the mandate of this court. Idaho Gold Dredging Corp. v. Boise Payette Lbr. Co., 54 Idaho 270, 30 P.2d 1076; Myers v. McDonald, 68 Cal. 162, 8 P. 809; Atchison T. & S. F. Ry. v. Superior Court, 12 Cal.2d 549, 86 P.2d 85; Wood v. Reed, 193 Okl. 356, 144 P.2d 108; 5 C.J.S., Appeal and Error, § 1986, page 1547, In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; People ex rel. v. De Young, 298 Ill. 380, 131 N.E. 801; 3 Am. Jur., Appeal and Error, secs. 1233, 1240 and 1241.

Judgment affirmed. Costs to respondent.

HOLDEN, C. J., and GIVENS, PORTER, and KEETON, JJ., concur.