241 P.2d 1189

**STATE v. SLATER.**

No. 7814.

Supreme Court of Idaho.

March 11, 1952.

Ray D. Agee and Arthur E. Babbel, Twin Falls, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Boise, and Max G. Lloyd, Prosecuting Atty., Twin Falls County, for respondent.

TAYLOR, Justice.

On the first appeal, 71 Idaho 335, 231 P. 2d 424, the judgment of conviction was reversed for the reason that the information did not charge that the offense was committed within the jurisdiction of the court. The remand is as follows: "The judgment of conviction is therefore reversed with instructions to the trial court to set the judgment aside, and sustain the appellant's motion in arrest of judgment."

The clerk's remittitur recites:

"Justice Keeton having announced the decision in this cause on May 9, 1951, to the effect that the judgment be reversed and the cause be remanded with instructions to the trial court to set the judgment aside and sustain the appellant's motion in arrest of judgment,

"It is therefore ordered That the judgment * * * be and is reversed, and the cause is remanded with instructions to the trial court to set the judgment aside, and sustain the appellant's motion in arrest of judgment."

Appellant complains that the remittitur does not follow the decision of this court, contending that by the paragraph above quoted this court did not remand the cause to the trial court. The remittitur is correct. The reversal "with instructions to the trial court" is in effect a remand to that court for the purpose of further proceedings in conformity with the mandate of this court. Remand, as here used, is to send a cause back to the court from which it came. Black's Law Dictionary, 3rd Ed.; Ballentine's Law Dictionary.

By his other assignments appellant contends that this court, having reversed the judgment without ordering a new trial, is required to discharge him, and that the trial court therefore erred in ordering the prosecuting attorney to prepare and file a new information against him. He relies upon § 19-2823, I.C., as follows: "If a judgment against a defendant is reversed without ordering a new trial, the appellate

court must, if he is in custody, direct him to be discharged therefrom; or if on bail, that his bail be exonerated; or if money was deposited instead of bail, that it be refunded to the defendant. * * *"

This section has particular application to cases which are reversed because of errors occurring at the trial, or on the ground that the evidence is insufficient to sustain the conviction. In such cases if it appears that the errors may be corrected, or sufficient evidence produced, upon a new trial, the appellate court will order a new trial; if not, it will order the defendant discharged. State v. Seymour, 7 Idaho 548, 63 P. 1036; State v. Flower, 27 Idaho 223, 147 P. 786; State v. Mantis, 32 Idaho 724, 187 P. 268; Ex parte Ballard, 149 Cal. 114, 84 P. 833; People v. Chiafreddo, 381 Ill. 214, 44 N.E.2d 888.

That section, however, has no application to this case. Odlum v. Duffy, 35 Cal.2d 562, 219 P.2d 785. Here the information was held to be insufficient to invoke the jurisdiction of the court to try the cause. Obviously, this court would not, and could not, order the trial court to retry an issue thus fatally defective.

■ The effect of the mandate, and the order of the trial court pursuant thereto, granting defendant's motion in arrest of the judgment, was to restore the defendant to the position he occupied before the information was filed.

"The effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before the indictment was found." § 19–2410, I.C.; People v. Ballard, 13 Cal.App. 511, 110 P. 351; People v. Mooney, 132 Cal. 13, 63 P. 1070; People v. Disperati, 11 Cal.App. 469, 105 P. 617; People v. Burcham, 69 Cal. App. 614, 232 P. 149; Wilson v. Troy, 19 Cal.App.2d 156, 64 P.2d 1141; see, also, §§ 19–1603, 19–1604, 19–1605, 19–1707, 19–1709, 19–1717, 19–1718, and Stearns v. Norton, 70 Idaho 435, 220 P.2d 1067.

In this situation the companion section of the original Criminal Practice Act of 1864 provides the procedure to be followed: "If, from the evidence on the trial, there is reason to believe the defendant guilty, and a new indictment can be framed, upon which he may be convicted, the court may order him to be recommitted to the officer of the proper county, or admitted to bail anew, to answer the new indictment. If the evidence shows him guilty of another offense, he must be committed or held thereon, and in neither case shall the verdict be a bar to another prosecution or indictment. But if no evidence appears sufficient to charge him with any offense he must, if in custody, be discharged; or if admitted to bail, his bail is exonerated; or if money has been deposited instead of bail, it must be refunded to the defendant; and the arrest of judgment shall operate as an acquittal of the charge upon which the indictment was founded." § 19–2411, I.C.

The evidence on the trial was to the effect that the offense was committed in Twin Falls County. Hence, a new information

could be framed upon which the defendant might be convicted, and it was proper for the trial court to hold the defendant to bail to answer the new information.

The order appealed from is affirmed.

GIVENS, C. J., and PORTER, THOMAS, and KEETON, JJ., concur.