[Crim. No. 1308.  In Bank—March 31, 1906.]

Ex Parte FRANK H. BALLARD, on Habeas Corpus.

CRIMINAL LAW—APPEAL FROM JUDGMENT AND ORDER DENYING NEW
TRIAL — REVERSAL OF JUDGMENT — DISCHARGE OF DEFENDANT —
HABEAS CORPUS.—Where a defendant in a criminal case has ap-
pealed from a judgment of conviction and also from an order
denying his motion for a new trial, and the appellate court has
reversed the judgment without ordering a new trial, he is not
entitled to be discharged on *habeas corpus,* under section 1262 of the
Penal Code, without a showing as to the disposition made by the
appellate court of the appeal from the order refusing a new trial.

ID.—APPELLATE COURT ONLY CAN ORDER DISCHARGE.—Under section 1262
of the Penal Code, providing that "if a judgment against the
defendant is reversed without ordering a new trial, the appellate
court must, if he is in custody, direct him to be discharged there-
from," only that appellate court to which his case has been appealed
has jurisdiction to order his discharge.

APPLICATION for a Writ of Habeas Corpus directed to
the Sheriff of the City and County of San Francisco.

The facts are stated in the opinion of the court.

H. H. McCloskey, for Petitioner.

L. F. Byington, District Attorney, and I. Harris, Assistant
District Attorney, for Respondent.

McFARLAND, J.—This is a petition by H. H. McCloskey,
on behalf of Frank Ballard, for the latter's discharge on
*habeas corpus* from the custody of the sheriff of the city and
county of San Francisco.  His claim to be discharged is based
on the provision of section 1262 of the Penal Code, which
is as follows: "If a judgment against the defendant is
reversed without ordering a new trial, the appellate court must
if he is in custody direct him to be discharged therefrom."
In the petition for the writ in the cause at bar the statement
of the facts relied on for a discharge are very meager, and
are, in substance, as follows: That Ballard was lawfully com-
mitted by a magistrate; that afterwards an information based
on the commitment was filed against him by the district attor-

ney; that he was tried upon said information in the superior court of said city and county, and was on March 29, 1904, found guilty; that he made a motion for a new trial which was denied; that on June 9, 1904, he was sentenced to ten years' imprisonment in the state prison; that on June 10, 1904, he appealed from the judgment and from the order denying a new trial; that the appellate court on June 27, 1905, 1 Cal. App. 222 [81 Pac. 1040], reversed the judgment; that the *remittitur* was filed in the superior court, and that a copy of the *remittitur* is attached to the petition and made a part thereof; that after the *remittitur* was filed he made a motion in the superior court to be discharged, and introduced said *remittitur* in evidence, and that the superior court denied the motion. This *remittitur* shows that in the district court of appeals of the first district, in the case entitled *"The People, etc., Respondent,* v. *Frank Ballard, Appellant,"* the judgment was on the twenty-seventh day of June, 1905, reversed without ordering a new trial, and it does not appear that the court ordered the discharge of the defendant. It is averred in the petition "that by virtue of the filing of said *remittitur* as aforesaid said Ballard has become entitled to his discharge." We do not think, however, that a case has been presented for a discharge on *habeas corpus.*

1. It has been determined that when there is an appeal from a judgment, and also from an order denying a motion for a new trial, the judgment reversing the order is in effect the ordering of a new trial, and in such case section 1262 is complied with. (*People* v. *Hardisson,* 61 Cal. 378; *People* v. *Lee Look,* 143 Cal. 220, [76 Pac. 1028].) Now, in the case at bar, it affirmatively appears from the petition that an appeal was taken from an order denying the motion for a new trial, and there is no showing as to what disposition has been made of that appeal. It may not have been expressly disposed of by the appellate court, or it may have been decided and the order may have been reversed, and Ballard is not entitled upon any theory to be discharged without a showing on that subject.

2. It is observed that section 1262 does not provide that a reversal of a judgment without an order for a new trial has, *ipso facto,* and without any further act or proceeding, the legal effect of discharging the defendant, so that he may

demand his release by the trial court, or by any other court into which he can bring the case by *habeas corpus* or other proceeding. The provision is, that when the appellate court reverses a judgment without ordering a new trial, the "appellate court" must direct the discharge of the defendant, and that court only is given jurisdiction to discharge under that section. There are cases where there are such inherent defects in the prosecution, and such impossibility of a legal conviction of the defendant, that he ought not to be put upon another trial, and the purpose of section 1262 is to give to the appellate court the power, and impose upon it the duty, of directing discharges in such cases. When an appellate court reverses a judgment without an order directing a new trial, and still does not make an order directing the appellant's release, such action is evidently the result of inadvertence and of a temporary forgetfulness of section 1262, or the fault of the clerk. For surely in such a case, if the court had in mind said section, it would, if it desired to discharge a defendant, have so directed, and if it had thought that there should be a new trial it would have so ordered in the judgment of reversal. And if it reversed the judgment without ordering a new trial, and did not direct a discharge, the remedy of appellant would be in the appellate court itself by a motion or application for an order directing a discharge. When the attention of the court is thus called to its action, it will either make the order directing the discharge of the appellant, if such order should in its judgment be made, or it will make an order affirming or reversing the order denying a new trial. The section does not provide for the discharge of the appellant by any court other than the appellate court to which his case has been appealed.

The said Ballard is remanded to the custody of the sheriff, and this writ is discharged.

Beatty, C. J., Shaw, J., Angellotti, J., Henshaw, J., Lorigan, J., and Sloss, J., concurred.