[Crim. No. 1811.   Second Appellate District, Division One.—April 24, 1929.]

In the Matter of the Application of FRANK HAMPTON for a Writ of Habeas Corpus.

Schaeffer & Weldon for Petitioner.

Clarence C. Ward, District Attorney, for Respondent.

CONREY, P. J.—In this proceeding (wrongly entitled *People* v. *Hampton*), a writ of *habeas corpus* was issued out of the supreme court and made returnable in this court.

Upon an information which charged Hampton with the crime of murder, he was found guilty of the crime of manslaughter. On appeal from the judgment of conviction, that judgment was reversed by this court (96 Cal. App. 157 [273 Pac. 854]). The judgment of reversal did not contain any order for a new trial, and there was no appeal from any order denying motion for new trial. But although the judgment of reversal did not order a new trial, this court did not direct that the defendant be discharged from custody. When the *remittitur* had been received in the superior court of Santa Barbara County, where the action was pending, that court overruled defendant's objections to further trial and retained him in custody awaiting another trial of the action. He now claims the right to be discharged from the custody of the sheriff.

Section 1260 of the Penal Code provides that in rendering judgment upon appeal the court may "reverse, affirm, or modify the judgment or order appealed from, . . . and may, if proper, order a new trial." Section 1262 of the Penal Code provides that "If a judgment against the defendant is reversed without ordering a new trial, the appellate court must, if he is in custody, direct him to be discharged therefrom; . . . " The decisions to which we have been referred in connection with these provisions of the Penal Code do not answer the particular question presented in this proceeding. It is our opinion, however, that the legislative intention as expressed in the code provisions above noted was, that where the appeal is from the judgment alone and where the appellate court reverses the judgment without making any order concerning the subject of new trial, such reversal shall operate as a final determination of the action, thereby entitling defendant to discharge from custody. The effect of this decision is that if there be now existing any

cause of action against petitioner Hampton, for the crime of manslaughter, in relation to the transaction out of which the former action arose, the only possible means of prosecution thereof would be by a new action.

It is ordered that the petitioner, the said Hampton, be discharged from custody.

Houser, J., and York, J., concurred.