[Civ. No. 24924.   First Dist., Div. Four.   Apr. 18, 1968.]

CITY OF UNION CITY, Plaintiff and Appellant, v. SOUTH-
ERN PACIFIC COMPANY, Defendant and Respond-
ent; CALIFORNIA PUBLIC UTILITIES COMMIS-
SION, Intervener and Respondent.

Anthony J. Garcia, City Attorney, and John A. Rowe, Jr., for Plaintiff and Appellant.

Harold S. Lentz, Larry W. Telford and Kenneth E. Johnson for Defendant and Respondent.

Mary Moran Pajalich, Roderick B. Cassidy and Timothy E. Treacy for Intervener and Respondent.

DEVINE, P. J.—The Public Utilities Commission ordered New Haven Road in the City of Union City to be closed where it crosses the tracks of the Southern Pacific Railroad. The commission, after several public hearings, found that public safety requires the closing. It ordered barricades to be constructed and later, there having been a contention that the order was unclear, the commission ordered the pavement to be torn up between the barricades and the tracks. It was ordered that all expenses be paid by Southern Pacific Company. The city sought injunction against the closing and upon denial thereof, the city appeals.

The jurisdiction of the Public Utilities Commission to make the order is found in the Constitution of California, article XII, section 17, which makes all railroad carriers subject to legislative control, and section 23, which places common carriers under such control and regulation by the commission as may be provided by the Legislature; and in statutes in pursuance of the constitutional authority, namely, Public Utilities Code, section 1202, subdivision (b), which gives to the commission the exclusive power to alter, relocate, or abolish by physical closing any railroad crossing, and section 1219, which declares that the matters contained in a number of sections, including section 1202, subdivision (b),

are of statewide importance and concern and that the specified statutes have been enacted in aid of the health, safety and welfare of the people of the state.

■ Judicial decisions have established that the subject of railroad grade crossings is a matter of statewide concern within the jurisdiction of the Public Utilities Commission and that it does not come within the field of municipal affairs. (*City of San Mateo* v. *Railroad Com.*, 9 Cal.2d 1 [68 P.2d 713]; *City of San Bernardino* v. *Railroad Com.*, 190 Cal. 562 [213 P. 980]; *Civic Center Assn.* v. *Railroad Com.*, 175 Cal. 441 [166 P. 351]; *City of San Jose* v. *Railroad Com.*, 175 Cal. 284 [165 P. 967]; *Constantine* v. *City of Sunnyvale*, 91 Cal. App.2d 278 [204 P.2d 922].)

■ Not only is there the positive grant of power to the Public Utilities Commission, but there is also the statutory denial of jurisdiction to all courts of this state, except the Supreme Court, to review, reverse, correct, or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties. (Pub. Util. Code, § 1759.) It was in conformity with this section that the superior court denied the injunction.

Moreover, the City of Union City sought a writ of mandate from the Supreme Court to direct the commission to dismiss the proceedings before the commission, while the proposed closing was being debated, principally on the ground that the commission lacked jurisdiction to make any order affecting the city with respect to railroad grade crossings. The court denied the petition and denied appellant city's petition for rehearing. (*City of Union City* v. *Public Utilities Com.*, S. F. No. 22475.) After the order for closing of the crossing was made and after the commencement of the suit for injunction in the superior court, the city filed a petition for review of the decision of the commission. The Supreme Court denied this and denied the rehearing. (*City of Union City* v. *Public Utilities Com.*, S. F. No. 22519.) ■ Denial of review by the Supreme Court is a ruling on the merits and constitutes a holding that the commission regularly pursued its authority. (*People* v. *Western Air Lines, Inc.*, 42 Cal.2d 621, 630 [268 P.2d 723]; *Southern Cal. Edison Co.* v. *Railroad Com.*, 6 Cal.2d 737, 747 [59 P.2d 808].) This is so even though the order of the Supreme Court denying review is without opinion. (*Napa Valley Elec. Co.* v. *Railroad Com.*, 251 U.S. 366, 373 [64 L.Ed. 310, 40 S.Ct. 174]; *People* v. *Western Air*

*Lines, Inc., supra,* pp. 630-631.) If, as it may be, appellant's second petition was not timely filed, the order of the Public Utilities Commission would become final by operation of law. (Pub. Util. Code, § 1756; *Northern Cal. Assn.* v. *Public Utilities Com.,* 61 Cal.2d 126, 133-136 [37 Cal.Rptr. 432, 390 P.2d 200].)

We proceed to examine the city's contentions which, as we gather them from the briefs, are: 1) that the matter of closing of streets is a municipal affair; 2) that the action of the commission operates as a proceeding in emiment domain against the city which therefore is reserved to the superior courts; and 3) that the city's action is taken against a nuisance committed by the carrier and therefore is within the jurisdiction of the court.

As to the first contention, it is sufficient to say that the decisions cited above make it plain that the subject of railroad grade crossings is not a municipal affair, because the safety of the public at railroad crossings is a matter of state concern. Appellant cites an isolated sentence in the case of *Civic Center Assn.* v. *Railroad Com.,* 175 Cal. 441, 453 [166 P. 351], that the commission "cannot vacate the street or direct a cessation of the public use thereof." But this does not affect the substance of the case because the very next sentence is that the commission's "orders are to be directed to the railroad company and not to the city, except so far as may be necessary to apportion the expense of construction and maintenance of the particular mode of crossing which shall be required." ▮ If a statute affects a municipal affair only incidentally in the accomplishment of a proper objective of statewide concern, then the state law applies even to charter cities. (*Polk* v. *City of Los Angeles,* 26 Cal.2d 519, 541 [159 P.2d 931].) Union City is not a charter city.

▮ As to the contention that the present action, which principally is designed to gain an injunction, also has the feature of inverse condemnation, we observe that it may be that certain property owners would have rights by way of inverse condemnation. (*Breidert* v. *Southern Pac. Co.,* 61 Cal.2d 659 [39 Cal.Rptr. 903, 394 P.2d 719].) But the *Breidert* case recognizes the jurisdiction of the commission to effect closing of a street for purposes of safety.

Finally, although admittedly the superior court has jurisdiction, in general, of actions against public utility entities based upon alleged nuisance (*California-Oregon Power Co.* v. *Superior Court,* 45 Cal.2d 858 [291 P.2d 455]; *Yolo Water*

*etc. Co.* v. *Superior Court,* 43 Cal.App. 332 [185 P. 195]), as well as upon other torts, this jurisdiction does not exist whenever the Public Utilities Commission, acting within its powers, has passed on the very matter asserted to be a nuisance. Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance. (Civ. Code, § 3482.) The Civil Code section refers to what is expressly *permitted* by a statute. What is *required* by a statute, including what is required by an authorized commission acting under authority of statute, cannot be a nuisance. In the *California-Oregon Power Company* case, the Public Utilities Commission had not acted at all. In the *Yolo Water* case, the public utility sought a writ of prohibition against an action based on nuisance, on the ground that the utility's acts had been authorized by the Railroad Commission, predecessor to the Public Utilities Commission. The court held that although the existence of these facts might constitute a good defense on the merits to an application for a writ of injunction, the question of the sufficiency of the complaint in the nuisance action to state a cause of action could not be tested on an application for a writ of prohibition.

In the case before us, Southern Pacific Company has not sought prohibition against the superior court. That court has jurisdiction to decide whether it has jurisdiction in the case itself. The court has decided, because of the defensive matter presented to it, that it does not have jurisdiction to issue an injunction because of the order theretofore made by the Public Utilities Commission.

The order denying preliminary injunction is affirmed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied May 17, 1968, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1968.