[Crim. No. 20378. Second Dist., Div. Five. Nov. 3, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
DOUGLAS FRANK WELCH, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, Jr., District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Plaintiff and Appellant.

McGurrin & Denny, Thomas M. McGurrin and George V. Denny III for Defendant and Respondent.

## OPINION

**AISO, J.**—The question: Is a misdemeanor charge filed in a municipal court barred from retrial where the appellate department of the superior court upon an appeal from a judgment of conviction reverses and the cause is remanded to the municipal court with just the words, "Judgment reversed"?

Defendant Douglas Frank Welch was convicted in the Municipal Court of the South Bay Judicial District, County of Los Angeles, for a misdemeanor battery (Pen. Code, § 242). Motion for a new trial was denied and he was sentenced. He thereupon appealed from his judgment of conviction to the Appellate Department of the Superior Court of Los Angeles County which reversed the judgment upon the ground that the trial court erred in refusing "to order the sheriff's office to produce the photograph of the defendant taken at the time of his arrest or at least to grant a short continuance to obtain such photograph." It concluded its opinion and decision with the words, "Judgment reversed."

Upon remand to the municipal court, that court granted defendant's motion to dismiss the case upon the ground that the appellate court "did not order a new Trial under . . . Penal Code § 1469" and "Under the provisions of Penal Code § 1469, an Order of Reversal does not constitute an Order for a new Trial and a failure to so order a new Trial prevents the trying of the case by the Trial Court." The People appealed (Pen. Code, § 1466, subd. 1) and upon this second appeal the appellate department of the superior court reversed the order with directions and certified the cause to this court under California Rules of Court, rule 63 (a) and Penal Code section 1471. The grounds for reversal of the order were not unanimous, a concurring opinion setting forth grounds not taken up in the court's opinion. We accepted the transfer in order to settle an important question of law.

We agree with the appellate department's opinion that sections 1469[1] and 1262[2] of the Penal Code[3] are not complementary.[4] Section 1469 is a part of title 11. Sections 1262 and 1260[5] are a part of title 9. Section 1235[6] (opening section of tit. 9) restricts the application of title 9 to appeals from the superior court. Consequently the provisions of section 690[7] are not of

---

[1]Section 1469 dealing with the scope of review in misdemeanor appeals states in relevant part: "The reviewing court may reverse, affirm or modify the judgment or order appealed from, . . . and *may, if proper, order a new trial.* If a new trial is ordered upon appeal, it must be had in the superior court unless the appeal is from a municipal court in which case the new trial must be had in the court from which the appeal is taken." (Italics added.)

[2]Section 1262 commences with the following provision: "If a judgment against the defendant is reversed, *such reversal shall be deemed an order for a new trial, unless the appellate court shall otherwise direct.* . . ." (Italics added.)

[3]All references to code sections or titles, including footnotes 1 and 2, *supra,* are references to the Penal Code unless otherwise indicated.

[4]Except in those situations where there might not be a municipal court to handle high grade misdemeanors (those not within jurisdiction of a justice court) or where the misdemeanor prosecution is joined with a felony prosecution under *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]. In both instances, the original misdemeanor trial takes place in the superior court.

[5]The pertinent portion of section 1260 reads: "The court may reverse, affirm, or modify a judgment or order appealed from [or reduce the degree of the offense or the punishment imposed], . . . and may, if proper, order a new trial." (Except for the portion shown in brackets, added by Stats. 1949, ch. 1309, p. 2297, the wording was enacted in 1872.)

[6]Section 1235: "Either party to a criminal action *within the original trial jurisdiction of a superior court* may appeal from that court on questions of law alone, as prescribed in this title and in rules adopted by the Judicial Council. The provisions of this title *apply only to such appeals.*" (Italics added.)

[7]Section 690: "The provisions of Part 2 of this code [of which tit. 9 and 11 are a part] shall apply to all criminal actions and proceedings in all courts, except where jurisdictional limitations or the nature of specific provisions prevent, or special provision is made for particular courts or proceedings."

help in this case. Nevertheless, we conclude that the trial court erred and that its order of dismissal should be reversed for the reasons we set forth below.

*People* v. *Superior Court* (1927) 84 Cal.App. 201 [257 P. 922] is not of assistance. It read titles 9 and 11 together, but at that time section 1467 (part of tit. 11) expressly provided that appeals from justice court judgments and orders were to be governed by the appeal provisions of title 9, except where they might be inconsistent with any appeal provisions in title 11. The provisions of section 1467 treated in this 1927 case were repealed in 1951. (Stats. 1951, ch. 1674, p. 3860.)

The Statutes of 1951, chapter 1674, page 3855, also amended section 1235 so as to include the last sentence (referred to previously in fn. 6) restricting the application of the provisions of title 9 to appeals from the superior court. They also amended the opening sentence of section 1262 to read: "If a judgment against the defendant is reversed, such reversal shall be deemed an order for a new trial, unless the appellate court shall otherwise direct." (Stats. 1951, ch. 1674, pp. 3855-3856.) It must be observed that the words about ordering a new trial found in section 1469 are identical with those words found in section 1260.[8] Section 1262 is a section which deals primarily with the release of defendant from custody or the exoneration of his bail by the appellate court when it concludes that a case should not be remanded for a new trial. The repeal of former section 1467 (Stats. 1951, ch. 1674, p. 3860) left the statutory provisions concerning appeals from municipal courts without a provision parallel or corresponding to section 1262. The omission would not appear to be inadvertent, since the number of defendants appealing from misdemeanor sentences in custody are fewer than in felony cases because bail upon misdemeanor appeals is mandatory. (Pen. Code, § 1272.) Appeals from the municipal courts also are usually decided within a few months from judgment or order where defense counsel acts expeditiously.

The purpose of the 1951 amendment would appear rather to be the elimination of the confusion concerning former section 1262[9] caused by *Ex Parte Ballard* (1906) 149 Cal. 114 [84 P. 833] and *In re Hampton* (1929) 98 Cal.App. 480 [277 P. 170], to prevent inadvertent releases of

---

[8]See footnotes 1 and 5, *supra.*

[9]Former section 1262 read: "If a judgment against the defendant is reversed without ordering a new trial, the appellate court must, if he is in custody, direct him to be discharged therefrom; or if on bail, that his bail be exonerated; or if money was deposited instead of bail, that it be refunded to the defendant or to the person or persons found by the court to have deposited said money on behalf of said defendant." (Stats. 1935, ch. 657, p. 1815.)

defendants tried in superior courts (which deal primarily with felonies) or exoneration of their bail by courts other than the appellate court reversing a judgment of conviction, and to reduce unnecessary motions in the appellate court under *Ballard*.

In *Ballard*[10] the remittitur showed a reversal of judgment, but neither directed a new trial nor a release of defendant. Defendant brought a habeas corpus proceeding contending that he was entitled to a discharge. In denying the writ, the court stated at pages 115-116: "It is to be observed that section 1262 does not provide that a reversal of a judgment without an order for a new trial has, *ipso facto,* and without any further act or proceeding, the legal effect of discharging the defendant, so that he may demand his release by the trial court, or by any other court into which he can bring the case by *habeas corpus* or other proceeding." After alluding to the possibility that the omission might be due to inadvertence, the court continued on page 116: "[T]he remedy of appellant would be in the appellate court itself by a motion or application for an order directing a discharge." In *Hampton* a District Court of Appeal held to the contrary without adverting to *Ballard*.

■ Where the legislative intent is not expressed, the courts may consider the background of the statute, consequences which will flow from a particular interpretation, and other factors. (*Estate of Ryan* (1943) 21 Cal.2d 498, 513 [133 P.2d 626]; *Ivens* v. *Simon* (1963) 212 Cal.App.2d 177, 181 [27 Cal.Rptr. 801].) ■ It also may be assumed that the 1951 amendments were enacted by a Legislature familiar with its previous acts, existing judicial decisions construing the same, and the common law rules. (See 45 Cal.Jur.2d, Statutes, § 101, p. 615, and cases cited.) Moreover, in the case at bench sections 1469 and 1262 are not statutes in *pari materia;* section 1260 is the statute in *pari materia* with section 1469. ■ By express legislative mandate (§ 1235) section 1262 does not complement section 1469, neither should it be construed to impliedly modify section 1469. ■ "[A]n intention to legislate by implication is not to be presumed." (*First M.E. Church* v. *Los Angeles Co.* (1928) 204 Cal. 201, 204 [267 P. 703].)

In *Cobb* v. *Snow* (1963) 14 Utah 2d 170 [380 P.2d 457], the Supreme Court of Utah was faced with a situation similar to that in *Ballard, supra.* The statutes in question in both cases were identically worded. The defendant in *Cobb* sought a writ of prohibition to restrain the trial court from retrying him on the ground that his previous conviction had been reversed

---

[10]Since *Ballard* speaks of motions for new trial being appealable, we note that this situation prevailed at the time of the 1951 amendment to section 1262. (See Witkin, Cal. Criminal Procedure (1963) § 649, p. 642.)

on appeal without an express order for retrial. In denying the writ, the Utah court reasoned: "It is well established that where the defendant has complained that errors *vitiate* the judgment and it is nullified at his request, he cannot also claim that there *is* a judgment which precludes further proceedings against him. [Fn. citation omitted.] In the absence of express mandate, it is both necessary and proper to consider the entire context of the prior decision to determine what further proceedings the interests of justice require. Doing so in the instant case makes plain that what petitioner is entitled to is a new trial eliminating the errors which necessitated setting aside the judgment." (Italics in original; 14 Utah 2d at p. 171.)

The same rationale prevailed in California prior to the 1951 amendment of section 1262. In *Odlum* v. *Duffy* (1950) 35 Cal.2d 562 [219 P.2d 785], the defendant appealed from an order denying his motion to vacate a judgment and his plea of guilty and to permit him to plead not guilty. The trial court denied the motion on the ground of lack of jurisdiction to entertain it. Upon appeal, the appellate court reversed, its opinion indicating that there was jurisdiction and that the trial court should consider the motion on the merits. The decision stated only "Order reversed" without any further express direction. When the motion was denied upon the merits, defendant sought a writ of mandate on the theory that the previous appellate court order made the grant of his motion mandatory. In denying the writ, our Supreme Court stated at pages 564-565: "It is well settled that the reversal of a judgment or order ordinarily leaves the proceeding in the same situation in which it stood before the judgment or order was made. [Citations.] The same rule has been stated with respect to the reversal of orders in criminal cases. [Citation.] It therefore appears that upon the reversal . . . the parties were restored to the position that they had before the reversed order was made and with the same rights that they originally had, 'with the exception that *the opinion* of the court of appeal must be followed so far as applicable.' [Citations.]" (Italics added.) (See Witkin, Cal. Criminal Procedure (1963) § 725, p. 699.) ▆ In the instant case, the opinion definitely implies a new trial, but with the error therein pointed out eliminated.

In *People* v. *Murphy* (1963) 59 Cal.2d 818, 833 [31 Cal.Rptr. 306, 382 P.2d 346], long after the 1951 amendment to section 1262, our Supreme Court without any reference to that section reversed a judgment of conviction by the superior court and applied the rule applicable to civil appeals stating: "An unqualified reversal remands the cause for new trial and places the parties in the trial court in the same position as if the cause had never been tried. (*Hall* v. *Superior Court* (1955) 45 Cal.2d 377, 381 [2]

[289 P.2d 431].)" (See also *People* v. *Diaz* (1962) 206 Cal.App.2d 651, 665 [24 Cal.Rptr. 367], overruled on another point in *People* v. *Perez* (1965) 62 Cal.2d 769, 776 [44 Cal.Rptr. 326, 401 P.2d 934].)

Other facets of the rule are found in cases from other jurisdictions, which have considered the issue now before us. In the absence of express limitations by the appellate court, a reversal of a judgment of conviction annuls and expunges not only the judgment of conviction but also the record of trial, leaving the accusatory pleading standing against the defendant as if no trial be had. (See, e.g., *Spriggs* v. *United States* (9th Cir. 1955) 225 F.2d 865, 868, cert. den., 350 U.S. 954 [100 L.Ed. 830, 76 S.Ct. 342]; *State* v. *Lamoreaux* (1952) 20 N.J. Super. 65, 73-74 [89 A.2d 469, 473-474]; *People* v. *Palmer* (1888) 109 N.Y. 413, 419-420 [17 N.E. 213, 215]; *District of Columbia* v. *Huffman* (D.C.Mun.App. 1945) 42 A.2d 502, 504; and see 24B C.J.S., Criminal Law, § 1951, p. 395.) In *Huffman, supra,* the court stated: "Where . . . the reversal is general in terms and without express instructions, it ordinarily means that a new trial is to be had, for there is usually no other way of deciding the issues. [Fn. citations omitted.]" (See 5 Am.Jur.2d, Appeal and Error, § 955, pp. 381-382.) In *Palmer, supra,* the court stated: "If the defendant takes an appeal from the judgment of conviction, he must be deemed to ask for a correction of errors made upon his trial, and to waive his constitutional protection. Of necessity, he must be deemed to ask for a new trial. . . ." (109 N.Y. 413, 420 [17 N.E. 213, 215-216].)[11] It is also pointed out in *Lamoreaux, supra,* that an open or general reversal is desirable, where the reversal is upon an evidentiary point, since it leaves the option of pursuing a retrial to the prosecuting authorities who are in a better position than the appellate court to know if they have sufficient evidence to sustain a conviction upon a second trial minus the evidentiary error or defect. (20 N.J. Super. 65, 76 [89 A.2d 469, 475].)

█ With the foregoing considerations in mind, we hold that a reversal of a judgment of conviction and a remand with just the words, "Judgment reversed" by the appellate department of the superior court, in the absence of any limitation in the opinion, signify an order for a new trial and that the absence of a more specific order does not bar a retrial under section 1469.

█ The order dismissing the complaint should be reversed and the cause remanded for retrial if the prosecuting authorities so elect. █ Defendant is not in a position to complain of the lapse of time before retrial

---

[11] The alleged constitutional protection raised was double jeopardy. There is no former jeopardy issue involved in our case. (See, e.g., *People* v. *Travers* (1888) 77 Cal. 176, 178 [19 P. 268]; *People* v. *Barric* (1874) 49 Cal. 342.)

where the delay is attributable to his previous appeal and motion to dismiss necessitating successive reviews by appellate courts. (*Harrison* v. *United States* (1968) 392 U.S. 219, 221, fn. 4 [20 L.Ed.2d 1047, 1051, 88 S.Ct. 2008, 2009, fn. 4]; *People* v. *Lilliock* (1968) 265 Cal.App.2d 419, 435-436 [71 Cal.Rptr. 434].)

The order of the municipal court dismissing the complaint in People v. Welch (Municipal Court of South Bay Judicial District, County of Los Angeles) No. M102674, is reversed, and the cause is remanded with directions to the municipal court to take further proceedings not inconsistent with the views set forth in the foregoing opinion.

Kaus, P. J., and Stephens, J., concurred.