[Civ. No. 34005. First Dist., Div. Three. Apr. 2, 1975.]

HARBOR CARRIERS, INC., Plaintiff and Respondent, v.
CITY OF SAUSALITO, Defendant and Appellant.

**COUNSEL**

Bagshaw, Martinelli, Corrigan & Jordan and Philip A. Torre for Defendant and Appellant.

Bagley, Bianchi, Hoskins & Rosenberg, Albert Bianchi and Gary P. Oswald for Plaintiff and Respondent.

**OPINION**

**DRAPER, P. J.**—Appellant city treats the judgment as one requiring issuance of a use permit for a specific terminal site. But, fairly construed, the judgment merely directs the city to make a "downtown" site available for use as a ferry terminal.

The certificate of public convenience and necessity issued by the state Public Utilities Commission authorizes respondent to conduct a common carrier service, by ferry, between San Francisco and Sausalito.

The Legislature has plenary right to confer power and jurisdiction upon the Public Utilities Commission (Cal. Const., art. XII, § 23). The

power of a city to "make and enforce within its limits all local, police, sanitary, and other ordinances and regulations" is specifically limited to such as are "not in conflict with general laws." (Cal. Const., art. XI, § 7.)

It follows that in any conflict between action by a municipality and a lawful order of the commission, the latter prevails. (*Bay Cities Transit Co.* v. *Los Angeles,* 16 Cal.2d 772 [108 P.2d 435]; *People* v. *Willert,* 37 Cal.App.2d Supp. 729 [93 P.2d 872]; 44 Ops.Cal.Atty.Gen. 117.) "[T]he commission has been held to have paramount jurisdiction in cases where it has exercised its authority, and its authority is pitted against that of a local government involving a matter of statewide concern." (*Orange County Air Pollution Control Dist.* v. *Public Util. Com.,* 4 Cal.3d 945, 950-951 [95 Cal.Rptr. 17, 484 P.2d 1361].) Operation of interurban streetcars "is not a matter solely of local concern and is not, therefore, a municipal affair." (*Los Angeles Ry. Corp.* v. *Los Angeles,* 16 Cal.2d 779, 787 [108 P.2d 430].) The right to operate ferry service among cities is equally clearly "within the power vested in" the Public Utilities Commission.

A terminal and docking facility is a necessity to the operation of a ferry service. To the extent that the city's zoning ordinance is applied to prevent establishment of any terminal in Sausalito, it must give way to the commission's grant of the right to operate a service to and from Sausalito.

Earlier applications by respondent had been denied. The most recent denial was on grounds that: location of a terminal in the "downtown" area would unduly increase traffic on city streets; being tourist, rather than commuter, oriented, it would not aid the residents of the city; it would duplicate ferry service of the Golden Gate Bridge District (not the holder of a commission certificate of public convenience and necessity); and would interfere with operation of the Sausalito Yacht Club.

The trial court quite properly concluded that a "downtown" terminal site was necessarily contemplated by the commission's certificate authorizing service, primarily for tourists, to Sausalito. The bulk of the grounds for denial of the current use permit application would necessarily bar any downtown terminal, and thus completely negate the commission grant of the certificate.

The history of respondent's applications extends over more than six years. It is apparent that, absent court intervention, the present view of

city officials would continue to bar institution of the service granted by the certificate. The city must afford opportunity for a reasonable "downtown" terminal site. It may be that the court's perhaps overly narrow definition of "downtown" may unduly intrude upon the police power of the city. That municipality should be afforded the initial voice in such a determination, although in general the guidelines of the trial court's decision should prevail—e.g., it is obvious that a terminal which would land passengers more than a mile north of the central city area, at a site which would require traverse of an industrial area to reach the city proper, would not suffice.

Insofar as the judgment specifically defines the "downtown" area, it is reversed. In all other respects, the judgment serves the laudable purpose of breaking the existing and long-standing stalemate, and will prompt early and adequate action by the city to permit institution of the service mandated by the 1968 commission certificate.

The judgment is modified by striking therefrom the definition of "downtown site," and as so modified, is affirmed. Costs on appeal are awarded to respondent.

Scott, J., and Devine, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.