[No. B015827. Second Dist., Div. Seven. Sept. 23, 1986.]

RAPID TRANSIT ADVOCATES, INC., et al.,
Plaintiffs and Appellants, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT,
Defendant and Respondent.

**COUNSEL**

Rogers & Wells, Charles R. Hartman, Robert D. Donaldson and Charles E. Wheeler for Plaintiffs and Appellants.

Nutter, Bird, Marella, Boxer, Wolpert & Matz, Vincent J. Marella, Dorothy Wolpert, Richard T. Powers and Suzanne Gifford for Defendant and Respondent.

**OPINION**

**ADLER, J.**[*]—In this appeal we are asked to decide if the proposed Metro Rail project of the Southern California Rapid Transit District (SCRTD) is required to be consistent with the general development plans of counties and cities. (Gov. Code, §§ 65300 and 65700.) We hold there is no such requirement.

### FACTS

This case arises from the final administrative decision of respondent SCRTD to build the initial 18.6-mile segment of Metro Rail, the proposed

---

[*]Assigned by the Chairperson of the Judicial Council.

Los Angeles subway system. The SCRTD's final approval was given on November 10, 1983. In approving the design and construction of Metro Rail the SCRTD adopted and certified the final environmental impact report (FEIR) pursuant to the California Environmental Quality Act. At the time the FEIR was approved, the SCRTD adopted a "Statement of Findings" of significant environmental impacts and mitigation measures pursuant to Public Resources Code section 21081.

Appellants, Rapid Transit Advocates, an incorporated citizens' group and Donald M. Moulton, sought a writ of administrative mandamus and injunction to compel the SCRTD to set aside its approval of the FEIR and to foreclose further implementation of the Metro Rail project.

The mandamus and injunction causes of action were tried by the court and submitted on documentary evidence.[1] After commencing the proceedings, the court twice continued the trial over appellants' objections, permitting the SCRTD to clarify the "Statement of Findings." Upon resumption of the trial, the court allowed the SCRTD to enter into evidence several "clarifications" of the November 10, 1983, findings. The court's judgment denied the motions for the issuance of an injunction and writ of mandate. The court found that the Metro Rail project need not be consistent with the general plans of development of counties and cities, and furthermore the evidence did not support a finding that such plans were inconsistent. Appellant argues on appeal that these findings were in error.

The trial court also found that the FEIR was sufficient as a matter of law, and appellants do not challenge this finding of the trial court.

CONSISTENCY WITH COUNTY AND CITY GENERAL PLANS

General plans are defined in Government Code sections 65300, 65700 and 65400. These sections require counties and cities to adopt a comprehensive, long-term general plan for the use and physical development of land within their respective borders. The general plan is to serve "as an effective guide for orderly growth and development, preservation and conservation of open-space land and natural resources, and the efficient expenditure of public funds relating to the subjects addressed in the general plan." (Gov. Code, § 65400.)

---

[1] The majority of the documents before the trial court consisted of the 134 volumes of administrative record of proceedings before the SCRTD. Although the briefs refer to this administrative record, it was not made part of the record on appeal, and therefore not considered.

Appellants argue that under California law Metro Rail must be consistent with city and county general plans at the time it is approved. Appellants concede there is no statute which requires SCRTD to act consistently with such general plans, but nonetheless argue that cities or counties have authority to limit the SCRTD's scope of activities. The issue is whether the SCRTD is considered a regional or local agency, and whether it falls within the regulatory jurisdiction of a city or county.[2]

■ The SCRTD is an entity of the State of California, connecting four counties, and servicing 80 cities in Los Angeles County. (Pub. Util. Code, § 30100.) The SCRTD is a transit district with virtual autonomy in self-governance, limited only by the regulations of the Public Utilities Commission. (*Los Angeles Met. Transit Authority* v. *Public Util. Com.* (1965) 59 Cal.2d 863, 868-869 [31 Cal.Rptr. 463, 382 P.2d 583].) It is a public agency and public corporation. (Pub. Util. Code, §§ 30007 and 30101.) It has its own board of directors, with powers to make contracts, acquire and construct rights of way, rail lines, incur indebtedness, exercise eminent domain, levy and collect taxes, and has its own police force. (Pub. Util. Code, §§ 30005, 30200, 30502, 30503, 30504, 30530, 30701.) The declarations of policy and purposes of the SCRTD are to create: ". . . a comprehensive mass rapid transit system in the southern California area, and particularly in Los Angeles County . . . the declared policy of the state to foster the development of trade and the movement of people in and around the Los Angeles area for the benefit of the entire state, and one of the purposes of the Southern California Rapid Transit District is to further this policy." (Pub. Util. Code, § 30001.) The law requires that the above policies "be liberally construed to carry out the objects and purposes." (Pub. Util. Code, § 30002.) The SCRTD is then a regional governmental body with statewide concerns.

■ The fact that this initial 18.6-mile segment is limited geographically within city or county territory does not preclude a finding that Metro Rail isof statewide concern. In *Orange County Air Pollution Control Dist.* v. *Public Util. Com.* (1971) 4 Cal.3d 945, 951, footnote 5 [95 Cal.Rptr. 17, 484 P.2d 1361], the Supreme Court listed several cases where matters were local in geographical effect, but were declared to be of statewide concern: ". . . the business of supplying telephone service (and hence the right to control franchises) (*Pac. Tel. & Tel. Co.* v. *City of Los Angeles* [(1955)] 44 Cal.2d 272, 280 [282 P.2d 36]), the construction and maintenance of

---

[2]It is interesting to note that appellant did not join the city or county of Los Angeles as parties, and neither the city nor county has advanced appellant's contentions before the court. Furthermore, the trial court found the City of Los Angeles had approved the Metro Rail Project and that it was specifically adopted as consistent with its general plan.

telephone lines within a city (*Pac. Tel. & Tel. Co.* v. *City & County of S.F.* [(1959)] 51 Cal.2d 766, 768 [336 P.2d 514]), and the control of city streets at railroad grade crossings (e.g., *City of Union City* v. *Southern Pac. Co.* [(1968)] 261 Cal.App.2d 277, 279 [67 Cal.Rptr. 816]; *City of San Mateo* v. *Railroad Com.* [(1937)] 9 Cal.2d 1, 9 [68 P.2d 713]; *Civic Center Assn.* v. *Railroad Comm.* [(1917)] 175 Cal. 441 [166 P. 351]) . . . ."

Generally, where the scope of a project transcends the boundaries of a municipality it ceases to be for a municipal purpose. (*Santa Barbara etc. Agency* v. *All Persons* (1957) 47 Cal.2d 699, 710 [306 P.2d 875].) ██ The authority of the City or County of Los Angeles to regulate local affairs is not plenary, but limited by the California Constitution, article XI, section 7, and may not conflict with general laws in statewide matters. (*Hall* v. *City of Taft* (1956) 47 Cal.2d 177, 184 [302 P.2d 574]; *Regents of University of California* v. *City of Santa Monica* (1978) 77 Cal.App.3d 130, 136 [143 Cal.Rptr. 276].)

██ General plans for the most part deal with the imposition of zoning ordinances. Here, appellants' arguments fail to recognize long-established principles that local agencies are not authorized to apply local zoning restrictions to state agencies. (*Town of Atherton* v. *Superior Court* (1958) 159 Cal.App.2d 417, 424-427 [324 P.2d 328]; *Harbor Carriers, Inc.* v. *City of Sausalito* (1975) 46 Cal.App.3d 773, 775 [121 Cal.Rptr. 577].) Moreover, the Legislature has removed transit districts from the definition of "local agency," thereby exempting the SCRTD from local zoning and building restrictions. (Gov. Code, §§ 53090 and 53091.) Appellants' argument of consistency is then but a different way of advancing a long-rejected theory of local zoning regulation of a statewide body, and is likewise rejected here.

Appellants cite only one case to support their arguments of local control. (*Friends of "B" Street* v. *City of Hayward* (1980) 106 Cal.App.3d 988 [165 Cal.Rptr. 514].) In *Friends* a citizens' group brought suit against the city to halt a proposed city street improvement project. The contention was made that the city had failed to comply with its own general plans, despite the fact that there is no express statutory provision requiring the city to do so. The court held that there was an "implied statutory requirement of consistency." (*Id.,* at p. 998.) The court reasoned that since the city was mandated to adopt a general plan by Government Code section 65302, the Legislature "must have intended that the city would comply with whatever general plan elements it had adopted." (*Ibid.*)

Appellants attempt to apply *Friends of "B" Street*'s "implied statutory requirement of consistency" to the SCRTD has obvious flaws. First, the

mandate to adopt general plans is limited by statute to cities and counties. (Gov. Code, § 65300.) As already noted, the SCRTD is not a city or county, but a regional "transit district." Second, in *Friends* the same governmental agency that was undertaking a public works project was held accountable to its own development plans. There was no attempt by the court to bind any other governmental agency or district to these plans.

Appellants next argue that since Public Utilities Code section 30633 requires the SCRTD to be treated as a municipality, the SCRTD must also inferentially be required to comply with municipal general plans. This section relates to the SCRTD's power to construct and operate works and facilities over or under streets "to the same extent that such rights and privileges . . . are granted to *municipalities* within the state for those uses or any other use or uses, . . ." (Pub. Util. Code, § 30633.) (Italics added.)

Appellants' strained interpretation is erroneous. Well-established rules of statutory construction require that a specific statutory provision be harmonized and considered with reference to the entire statutory system of which it is a part. (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) An intention to legislate by implication is not to be presumed. (*People* v. *Welch* (1971) 20 Cal.App.3d 997, 1002 [98 Cal.Rptr. 113].) The statute shows no indication that it is attempting to define the status of transit districts, only to limit the use of rights of way. Nevertheless, appellants take the reference to "municipalities" completely out of context, and infer that the SCRTD is now to be treated as a municipality for all purposes. As discussed above, the SCRTD is a regional statewide agency, making appellants' interpretation fly in the face of this clear statutory intent. The statutory system requires that the SCRTD has the authority of a regional agency, not a municipality, except where section 30633 dealing with use of rights of way would require otherwise. Furthermore, nothing within section 30633 requires the SCRTD to act consistently with municipal general plans.

Based on the above principles, the trial court properly found that the SCRTD need not act consistently with city or county general plans.

### REMAND TO CLARIFY FINDINGS

Finally, appellants argue that the trial court acted improperly by continuing the trial and remanding to the SCRTD for clarification of its findings. The SCRTD is required to make findings concerning its review of the environmental impact report. (Pub. Resources Code, § 21081.) Here the SCRTD's "statement of findings" contained the following introductory

language: "Those impacts and related findings described in the Final Environmental Impact Report [FEIR] for the Los Angeles Rail Rapid Transit 'Metro Rail' Project, are *summarized* as follows:" (Italics added.)

The findings themselves are brief and contain few details. The findings make reference to the greatly detailed and extensive FEIR but only attempt to "summarize" it. The FEIR had identified each significant impact of the project and discussed various alternates and mitigation measures. However, the FEIR was not specifically incorporated by reference into the findings. Findings must "bridge the analytic gap between the raw evidence and the ultimate decision or order" and the findings must be sufficient to enable the parties to seek review. (*Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 514-515 [113 Cal.Rptr. 836, 522 P.2d 12].) Each finding must be accompanied by a "brief explanation of the rationale" for each finding. (Cal. Admin. Code, tit. 14, § 15091.) Here, the "statement of findings," taken in isolation, falls short of these standards.

■ In resolving this problem, the trial court interpreted the "statement of findings" to impliedly incorporate the FEIR by reference. However, to resolve any ambiguity, the court permitted remand to the SCRTD to clarify its findings.

In considering these midtrial continuances for clarification, the general rule is that a court has inherent power to control the course of litigation before it. (Code Civ. Proc., § 187; *Keeler* v. *Superior Court* (1956) 46 Cal.2d 596, 600 [297 P.2d 967].) The court has authority to grant continuances at any stage of the proceeding upon a showing of good cause. (*County of San Bernardino* v. *Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781 [140 Cal.Rptr. 383].) Here, the court's review of the SCRTD decision was governed by Code of Civil Procedure section 1094.5. It is noted that section 1094.5, subdivision (e) specifically authorizes remand proceedings. Moreover, the Supreme Court has held that the trial court has the power to remand a matter to an administrative agency for clarification of ambiguous findings. (*No Oil, Inc.* v. *City of Los Angeles* (1974) 13 Cal.3d 68, 81 [118 Cal.Rptr. 34, 529 P.2d 66]; *Keeler* v. *Superior Court, supra,* 46 Cal.2d at p. 600.)

Additionally, there is no question that the required findings may specifically incorporate the FEIR by reference. (*McMillan* v. *American Gen. Fin. Corp.* (1976) 60 Cal.App.3d 175, 184 [131 Cal.Rptr. 462]; *City of Carmel-by-the-Sea* v. *Board of Supervisors* (1977) 71 Cal.App.3d 84, 92 [139 Cal.Rptr. 214].) Based on the foregoing, the trial court acted within its discretion by allowing remand for clarification, as to which materials the

SCRTD had originally intended to incorporate by reference into its findings.

Judgment affirmed.

Thompson, Acting P. J., and Johnson, J., concurred.