Filed 7/31/13  Citizens Com. to Complete the Refuge v. Super. Ct. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITIZENS COMMITTEE TO COMPLETE THE REFUGE,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>        Respondent;<br><br>CITY OF NEWARK et al.,<br><br>        Real Parties in Interest. | A137634<br><br>(Alameda County<br>  Super. Ct. No. RG10-530015) |

In an ongoing mandamus action pursuant to the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.),[1] petitioner Citizens Committee to Complete the Refuge (hereafter Citizens) challenges the certification of an environmental impact report (EIR) and approvals of a specific plan project by real parties in interest City of Newark and the Newark Planning Commission (collectively, the City).  On November 20, 2012, respondent court issued an order remanding the matter to the City for clarification as to what portions of the EIR were intended to be "*sole-tier*" or final review and what portions were intended to be "*first-tier*" or initial review, and in the interim, suspending the City's resolutions certifying the EIR and adopting the special

---

[1]        All further unspecified statutory references are to the Public Resources Code.

plan project and the related general plan amendment. Because respondent court found that absent clarification the EIR was materially deficient in violation of CEQA, we conclude an interlocutory remand was inappropriate in this case. Accordingly, we shall direct the respondent court to vacate that portion of its order that remanded the matter to the City prior to the entry of a final judgment, and thereafter, to take further proceedings that are not inconsistent with this opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

In 2010, Citizens filed original and amended petitions for a writ of mandate, seeking to set aside the City's resolutions certifying an EIR and various related approvals, and the City's CEQA Notice of Determination for the project, based, in pertinent part, on alleged prejudicial violations of CEQA. In pertinent part, the EIR concerns the use of approximately 850 acres in the western part of Newark. The specific plan contemplates the development of up to 1,260 housing units, an elementary school for up to 600 students, a golf course or other recreational facility, open space areas, and the retention of existing light industrial and institutional uses. A portion of the acreage includes the last undeveloped area in Newark, including wetlands, and borders the Don Edwards San Francisco Bay National Wildlife Refuge, a critical habitat for endangered species and shorebirds along the Pacific Flyway, which Congress has identified as an important wildlife area potentially to be included within the Refuge.

In addressing Citizens' contentions, respondent court found, in pertinent part, that there was "a material deficiency on the facts of this case" in that the EIR failed to adequately inform the public about the circumstances under which the City anticipated future environmental review of the project. Specifically, the EIR did not state clearly whether it intended to be a "sole-tier" or final review of the entire project (i.e., a "project EIR" [see § 21166; Cal. Code Regs., tit. 14, § 15162, subd. (a)]) or whether it was a "first-tier" or initial review (i.e., "first-tier" EIR [see § 21094, subds. (a) & (c); Cal. Code Regs., tit. 14, § 15152, subd. (f)]), to be followed by further environmental reviews. As a consequence of the material deficiency, respondent court also found it could not

2

meaningfully evaluate whether the City's findings and conclusions in the EIR were supported by substantial evidence: "Some portions of the EIR might be adequate if treated as a program [first-tier] EIR where there would be further environmental review under . . . § 21094, but would be inadequate if treated as a project [sole-tier] EIR that would be subject to further environmental review only as permitted by . . . § 21166." Respondent court remanded the matter "to the City to permit it to clarify what parts of the EIR it intends to be sole-tier and what parts it intends to be first-tier environmental review. The City's actions in this regard will determine the course of further proceedings in this action. The court does not compel the City to take any specific action or restrict the City from taking any action it might deem appropriate in its discretion." "To ensure that the project [did] not proceed until the EIR [was] effective," the court ordered the City "to SUSPEND Resolution 9745 (Certifying the EIR) and Resolution 9746 (adopting the Newark Area 3 and 4 Specific Plan Project and the related General Plan Amendment) pending resolution of this case or further order of the court." In response to respondent court's remand order, the City prepared a proposed CEQA addendum, which clarified those portions of the EIR that were subject to sole-tier review and those portions there were subject to first-tier review. In mid-January 2013, the City sent Citizens a copy of the addendum, and a notice was issued informing the public that the addendum would be considered for review by the planning commission on February 12, 2013.

On January 18, 2013, Citizens filed its petition in this court, requesting an immediate stay of the City's proposed administrative proceedings. We temporarily stayed respondent court's remand order and the City's administrative proceedings. We also requested the parties to file informal briefing and served notice that, if appropriate, we might issue a peremptory writ in the first instance pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 (*Palma*).)

**DISCUSSION**

Citizens argues respondent court abused its discretion by issuing an interlocutory remand prior to the entry of a final judgment after concluding there was a material deficiency in the EIR in violation of CEQA. We agree.

Citizens' challenge to the remedy in this case "raises two interrelated questions: whether [respondent] court properly interpreted section 21168.9 as authorizing the [remand order] and whether [respondent] court properly exercised its equitable powers in utilizing the remedy in this case. We review [respondent] court's interpretation of section 21168.9 de novo. We review [respondent] court's exercise of its equitable powers for abuse of discretion." (*Preserve Wild Santee v. City of Santee* (2012) 210 Cal.App.4th 260, 287.)

Here, there is no question that the remand order did not comply with CEQA's "detailed and balanced remedial scheme" in section 21168.9, which offers "protections for both agencies and those challenging agency action under CEQA." (*Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 540 [conc. opn. by Werdegar, J.] (*Voices of the Wetlands*)).[2] Instead, respondent court attempted to cure the

---

[2]     Section 21168.9 "addresses what a court should include in its order when it finds that a public agency has not complied with CEQA." (*LandValue 77, LLC v. Board of Trustees of California State Universit*y (2011) 193 Cal.App.4th 675, 680.) The statute reads, in relevant part: "(a) If a court finds, as a result of a trial, hearing, or remand from an appellate court, that any determination, finding, or decision of a public agency has been made without compliance with this division, the court shall enter an order that includes one or more of the following: [¶] (1) A mandate that the determination, finding, or decision be voided by the public agency, in whole or in part. [¶] (2) If the court finds that a specific project activity or activities will prejudice the consideration or implementation of particular mitigation measures or alternatives to the project, a mandate that the public agency and any real parties in interest suspend any or all specific project activity or activities, pursuant to the determination, finding, or decision, that could result in an adverse change or alteration to the physical environment, until the public agency has taken any actions that may be necessary to bring the determination, finding, or decision into compliance with this division. [¶] (3) A mandate that the public agency take specific action as may be necessary to bring the determination, finding, or decision into compliance with this division. [¶] (b) Any order pursuant to subdivision (a) shall include

4

material deficiency in the EIR by remanding the matter to the City "to clarify what parts of the EIR it intends to be sole-tier and what parts it intends to be first-tier environmental review." However, even assuming an interlocutory remand prior to the entry of a final judgment is appropriate in a CEQA case,[3] for the reasons we now discuss, we conclude

only those mandates which are necessary to achieve compliance with this division and only those specific project activities in noncompliance with this division. The order shall be made by the issuance of a peremptory writ of mandate specifying what action by the public agency is necessary to comply with this division. However, the order shall be limited to that portion of a determination, finding, or decision or the specific project activity or activities found to be in noncompliance only if a court finds that (1) the portion or specific project activity or activities are severable, (2) severance will not prejudice complete and full compliance with this division, and (3) the court has not found the remainder of the project to be in noncompliance with this division. The trial court shall retain jurisdiction over the public agency's proceedings by way of a return to the peremptory writ until the court has determined that the public agency has complied with this division." (§ 21168.9.)

[3]     In *Voices of the Wetlands*, a non-CEQA case, a majority of our Supreme Court recently explained that, in a mandamus action governed by the Code of Civil Procedure section 1094.5, a trial court "has inherent power, *in proper circumstanc*es, to remand to the agency for further proceedings prior to the entry of a final judgment." (*Voices of the Wetlands, supra,* 52 Cal.4th at p. 527, italics added.) However, the court specifically commented that "any agency reconsideration must fully comport with due process, and may not simply allow the agency to rubberstamp its prior unsupported decision," citing with approval those portions of *Resource Defense Fund v. Local Agency Formation Com.* (1987) 191 Cal.App.3d 886 (*Resource Defense Fund*) and *Sierra Club v. Contra Costa County* (1992) 10 Cal.App.4th 1212, in which the appellate courts found the particular agency decisions on remand would not fully comport with due process, and would simply allow the agencies to rubberstamp their prior unsupported decisions. (*Voices of the Wetlands*, supra, at p. 528.) "Thus, in *Resource Defense Fund*, a case involving California Environmental Quality Act (CEQA), the trial court ordered an interlocutory remand to allow a city council to supply *missing* findings in support of an annexation approval. The order simply provided that the court would enter judgment after the council's action, or the expiration of 60 days. The Court of Appeal noted that this sparse and abbreviated procedure raised 'serious questions of due process: it effectively precluded any possible challenge to the sufficiency of the evidence to support the new findings' and 'fostered a *post hoc* rationalization . . . .' (*Resource Defense Fund, supra,* 191 Cal.App.3d 886, 900.) In *Sierra Club v. Contra Costa County*, the trial court determined that an environmental impact report (EIR), required by CEQA, was inadequate because it failed to fully analyze, and the county board of supervisors had thus

5

respondent court abused its discretion in issuing its interlocutory remand order in this case.

In deciding that an interlocutory remand was appropriate in this case, respondent court relied on *Voices of the Wetlands*, *supra*, 52 Cal.4th 499, *Schenck v. County of Sonoma* (2011) 198 Cal.App.4th 949 (*Schenck*), and *Rapid Transit Advocates, Inc. v. Southern Cal. Rapid Transit Dist.* (1986) 185 Cal.App.3d 996 (*Rapid Transit Advocates*). In *Voices of the Wetlands*, the trial court issued a limited writ of mandate, directing the agency to reconsider a problematic "single, discrete" finding in its lengthy and complex decision. (*Voices of the Wetlands, supra,* 52 Cal.4th at p. 529.) After extensive proceedings on remand including administrative review, the trial court entertained a new writ proceeding challenging the proceedings after remand. (*Ibid.*) On review from the judgment entered after remand, the Supreme Court determined the reconsideration of the single finding was appropriate and did not raise any due process or fairness concerns. (*Id*. at pp. 529-535.) Similarly, in *Schenck,* the trial court issued a limited writ of mandate, directing the agency to give notice to the Bay Air Air Quality Management District (the BAAQMD). (*Schenck, supra*, 198 Cal.App.4th at pp. 955-956, 960.) Our colleagues in Division One upheld the remand in that case after concluding, among other things, that the error - failure to send notice to the air quality board - was not prejudicial: "The critical factor is that even without notice to the BAAQMD the information

failed to fully consider, less environmentally damaging alternatives to a massive residential development approved by the board. The court nonetheless denied the mandamus relief requested by opponents of the development, ' "with the exception that the County should administratively make further findings on alternatives." ' (*Sierra Club v. Contra Costa County, supra,* 10 Cal.App.4th 1212, 1216.) The board then adopted supplemental findings. Promptly thereafter, the court found the EIR, as so augmented, to be ' "legally adequate in all respects," ' whereupon the court discharged the alternative writ and entered judgment for the county. (*Id.*, at pp. 1216–1217.) Besides finding that this procedure did not satisfy the specific requirements of CEQA, the Court of Appeal stressed that, as was the case in *Resource Defense Fund*, the trial court's procedure raised serious questions of due process by insulating the board's supplemental findings 'from any meaningful challenge.' (*Sierra Club v. Contra Costa County, supra*, at p. 1221.)" (*Voices of the Wetlands, supra*, at pp. 528-529, fn. 11.)

6

gathering and presentation mechanisms of CEQA were not subverted or even compromised." (*Id*. at p. 960.) Finally, in *Rapid Transit Advocates*, the agency included in its required statement of findings a summary of the impacts and related findings described in the final environmental impact report (FEIR). (*Rapid Transit Advocates, supra,* 185 Cal.App.3d at p. 1003.) The trial court interpreted the agency's statement of findings to impliedly incorporate the FEIR by reference. *(Ibid*.) But to resolve any ambiguity, the trial court remanded to the agency to clarify which materials the agency had originally intended to incorporate by reference into its findings. (*Id*. at pp. 1003-1004.) The court of appeal upheld the interlocutory remand because there was "no question" that an agency's required findings "may specifically incorporate the FEIR by reference." (*Id*. at p. 1003.)

Unlike the above cited cases, here respondent court found that absent clarification of the nature of the environmental assessment in the EIR, that document was rendered materially deficient "for intelligent weighing of the environmental consequences of the project" by both the public and the court. (*City of Santee v. County of San Diego* (1989) 214 Cal.App.3d 1438, 1455.) Respondent court's remedy for the material deficiency - remand for post-certification and post-approval environmental assessment - effectively defeated the core purpose of the EIR, which "is to inform the public and its responsible officials of the environmental consequences of their decisions *before* they are made." (*Laurel Heights Improvement Assn. v. Regents of University of California* (1993) 6 Cal.4th 1112, 1123 (*Laurel Heights II*).) If we were to uphold the remand order allowing for post-certification and post-approval environmental assessment in this case, "EIR's would likely become nothing more than *post hoc* rationalizations to support action already taken . . . ." (*Laurel Heights Improvement Assn. v. Regents of University of California* (1988) 47 Cal.3d 376, 394.)

The City argues the remand order may be upheld because it has revised the EIR by issuing a proposed addendum designating those portions of the project that are subject to sole-tier review and first-tier review, and it will allow public comment before taking any

7

action on the revised EIR. However, CEQA authorizes the preparation of an addendum only when, subsequent to certification, "substantial changes" occur or when "[n]ew information, which was not known and could not have been known at the time the [EIR] was certified as complete, becomes available." (§ 21166; See *Laurel Heights II, supra*, 6 Cal.4th at p. 1125; Cal. Code Regs., tit. 14, § 15164.) "In this case, [Citizens is] challenging the certification of the original EIR. Consequently, since the original EIR is inadequate, procedures for addressing postcertification changed circumstances or new information are inappropriate. The [agency] has no discretion to cure an inadequate EIR by means of a subsequent EIR or an addendum." (*Galante Vineyards v. Monterey Peninsula Water Management Dist.* (1997) 60 Cal.App.4th 1109, 1124-1125.)

In sum, under the circumstances in this case, we must conclude respondent court abused its discretion in attempting to cure a material deficiency in the EIR by remanding the matter to the City prior to the entry of a final judgment. Given the procedural posture of this case, our decision should not be read and we express no opinion on the ultimate merits of Citizens' petition for writ relief in respondent court. We hold only that respondent court's remedy for the material deficiency in the EIR was inappropriate. Therefore, we will direct respondent court to vacate so much of its November 20, 2012 order as remanded the matter to the City prior to the entry of a final judgment, and thereafter to take further proceedings that are not inconsistent with this opinion.

### DISPOSITION

The accelerated *Palma* procedure (*Palma, supra,* 36 Cal.3d 171) is appropriate here because "petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue. . . ." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)

Let a peremptory writ of mandate issue, directing respondent court to vacate so much of its order of November 20, 2012, as remanded the matter to the City prior to the entry of a final judgment, and thereafter to take further proceedings that are not

8

inconsistent with this opinion.  The January 22, 2013 stay issued by this court shall be dissolved on issuance of our remittitur.  Petitioner is entitled to allowable costs on appeal.

_____

Jenkins, J.


We concur:


_____

McGuiness, P. J.


_____

Siggins, J.